Argued June 16, affirmed June 30, 1925.

## C. A. BONNETT v. GRACE E. KEIFFER, ADMINISTRATRIX.

### (237 Pac. 1.)

**Appeal and Error—Instructions Relating to Statutes of Limitations and Frauds, Even if Erroneous, Held Harmless.**

1. Where jury found specially that alleged contract was never made, instructions relating to statutes of limitation and frauds, even if erroneous as claimed, could not have affected verdict.

**Executors and Administrators—Cautionary Instruction in Action on Claim Against Decedent Estate Properly Given—"Competent Evidence."**

2. In action on claim against decedent estate, it was not improper to caution jury that no claim rejected by representative should be allowed in court, except on strong and convincing proof and on competent and sufficient evidence other than testimony of claimant; Constitution, Article VII, Section 3c, not having prescribed a different rule of evidence; words "competent evidence," used in statute in relation to corroboration of claim against decedent estate, not referring to weight of evidence with jury, but to its admissibility as matter of law.

See (1) 4 C. J. 1047.   (2) 12 C. J. 235; 24 C. J. 874.

From Lane: G. F. SKIPWORTH, Judge.

Department 2.

---

1.   See 2 R. C. L. 256.
2.   See 11 R. C. L. 196.

This is an action against the defendants to recover on a claim for $1,600, with interest at 5 per cent from the first day of October, 1921.

The defendants are the administrator and administratrix of Granville Marion Bonnett, who died on March, 1922. The substance of the complaint is that on July 20, 1906, the plaintiff was the owner of 320 acres in Harney County, which is described in the complaint; that Eli Bangs is the owner of a quarter block in Eugene, Lane County, and that during said period of time negotiations were being conducted by and between Eli Bangs, known as the vendor, and P. N. Bonnett, M. P. Bonnett, G. M. Bonnett, deceased and C. A. Bonnett, known as the vendees, which resulted in the sale of said quarter block by said vendor to the vendees. That G. M. Bonnett is the same person as Granville Marion Bonnett and that C. A. Bonnett is one of said vendees. That it was agreed among the vendees that M. P. Bonnett would purchase an undivided one third of said quarter block, and that the said P. N. Bonnett, G. M. Bonnett, and C. A. Bonnett each would purchase an undivided two ninths thereof. That at the time of the sale of said quarter block by the vendor to the said vendees, the 320 acres of land owned by plaintiff in Harney County was reasonably worth the sum of $3,840 on the market. That the said vendor agreed to accept the 320 acres of land at the sum of $3,840 as part of the purchase price of the quarter block, and that the said Granville Marion Bonnett promised the plaintiff that if he would convey the said 320 acres to the said Eli Bangs to apply as part of the purchase price of said quarter block, he would later pay the plaintiff the sum of $1,600 and interest thereon at the rate of 5 per cent payable annually until the said $1,600 should be paid, and that this plaintiff

should receive an undivided two ninths of said quarter block and Granville Marion Bonnett should receive an undivided two ninths thereof. That the plaintiff accepted the offer in reliance upon the promise of Granville Marion Bonnett to pay him the sum of $1,600 with interest thereon at the rate of 5 per cent per annum, and the agreement that each should receive and own an undivided two ninths of the said quarter block, the plaintiff conveyed the said 320 acres of land in Harney County, Oregon, to Eli Bangs at the agreed price of $3,840 during the year 1906. That during the year 1906 Eli Bangs conveyed the quarter block to the vendees in the following proportions: M. P. Bonnett received an undivided one third thereof; P. N. Bonnett, G. M. Bonnett, and C. A. Bonnett each received an undivided two ninths thereof. The said G. M. Bonnett paid this plaintiff interest on the sum of $1,600 at the rate of 5 per cent per annum, or the sum of $80 per annum as interest thereon, from the date of said conveyance of the 320 acres up to and including October 1, 1921. No other payments have been made, and there is still unpaid the sum of $1,600 with interest at 5 per cent from the first day of October, 1921. That on August 15, 1922, the plaintiff presented to the defendants, as administrator and administratrix, his verified claim which is attached and appears to be in proper form, and that defendants refused to pay the claim.

The defendants answered admitting that they were the administrator and administratrix, but denied all the allegations in regard to the indebtedness; pleaded that more than six years had elapsed at the time of the death of Granville Marion Bonnett and claimed that the claim, if it existed, was barred by the statute of limitations.

There was a jury trial, the evidence being very contradictory, consisting principally, on behalf of the plaintiff, of his own evidence and that of his wife; and on behalf of the defendants, of declarations made by the defendant in his lifetime, and other circumstances.  Upon the trial, the court, among others, gave the following instruction:

"I instruct you that plaintiff must furnish strong and convincing proof that payments were in fact made upon his claim of sixteen hundred dollars by Granville Marion Bonnett within a period of six years and six months prior to the filing of his claim with the administrator and administratrix, and the plaintiff would be required to furnish proof to this effect besides his own testimony."

Also the following instruction:

"Now, in this connection, further, I charge you, ladies and gentlemen of the jury, that claims of long standing, when filed against an estate of a decedent, should be scrutinized with care, and in such cases strong and convincing proof should be required before allowing the same, and I instruct you that no claim which shall have been rejected by the executor or administrator shall be allowed in any court, referee, or jury, except upon some competent and sufficient evidence other than the testimony of the claimant."

The jury found a general verdict in favor of the defendants, and also a special verdict in answer to an interrogatory submitted by the court as follows:

"Q. Did Granville Marion Bonnett, as part of the transactions alleged in plaintiff's complaint, promise and agree to pay plaintiff $1,600 with interest at five per cent. per annum?  A. We, the jury, answer no, not sufficient evidence to substantiate."

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Henry E. Slattery.*

For respondents there was a brief over the names of *Mr. C. A. Hardy* and *Mr. A. E. Wheeler,* with an oral argument by *Mr. Hardy.*

McBRIDE, C. J.—1. Objection is made to certain instructions in relation to the statute of limitations and the statute of frauds, but in view of the fact that the jury found specially that the alleged contract was never made, these instructions, even if erroneous as claimed, could not have affected the verdict or the result in any way.

The objection most strongly and plausibly made is to the giving, by the court, of the two instructions above quoted.

2. It is contended that Section 3c of Article VII of our Constitution in some way has prescribed a rule of evidence which takes the place of the old rule enunciated in the instructions above quoted. The particular sentence in the section of the Constitution cited, which is supposed to have worked this change, reads as follows:

"No fact tried by a jury shall be otherwise reexamined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict."

We fail to see wherein the cautionary instructions above quoted infringe upon the provisions of the Constitution. The jury were plainly told that they were the exclusive judges of the facts and of the value and effect of the evidence, but it was not improper to caution them that, in weighing such evidence, they ought to be governed by those rules, which age-long experience has shown to be necessary in arriv-

ing at a just conclusion in cases of this character. If the evidence adduced appeared to them to be strong and convincing, they were at liberty to act upon it and the judge would have no right to set it aside, because it did not appear to him to be strong and convincing.

This instruction has been approved by this court since the adoption of the constitutional amendment of 1910 containing the language above quoted; *Scott v. Merrill's Estate,* 74 Or. 568 (146 Pac. 99); *Branch v. Lambert,* 103 Or. 423 (205 Pac. 995).

In the latter case, the instruction was refused, but the court held that other instructions, based upon statutory requirements, were equivalent of the one requested, and on that ground held the instruction requested to be superfluous. The court, in the case at bar, gave substantially the same instructions as were given in that case, and if the instructions are equivalent of each other, they cannot be contradictory as suggested by appellant's counsel.

The words, "competent evidence," used in the statute in relation to the corroboration of a claim against a decedent's estate, are not used in reference to the weight of the evidence with the jury, but are employed with reference to its admissibility as a matter of law. Evidence may be "competent" and yet not convincing. When the court admitted the testimony of plaintiff's wife, it thereby decided that the evidence was competent, that is, admissible; but it did not thereby foreclose itself from stating to the jury the rules by which the value of even "competent evidence" in cases of this character should be tested and which are eminently necessary to the protection of estates from fictitious claims.

We find no error in this case and the judgment is affirmed.                           Affirmed.

Bean, Brown and Belt, JJ., concur.