84 N.J. Super. 452 (1964)
202 A.2d 461
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CARL SMITH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 18, 1964.
Decided July 7, 1964.
*453 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. John J. Gibbons (assigned counsel) argued the cause for appellant.
Mr. C. William Caruso, Assistant Prosecutor, argued the cause for respondent (Mr. Brendan T. Byrne, County Prosecutor of Essex County, attorney).
*454 The opinion of the court was delivered by SULLIVAN, J.A.D.
This is an appeal from a conviction of rape.
Defendant was indicted on a charge of rape and pleaded not guilty. After a three-day jury trial held on April 30, May 1 and May 4, 1959, he was found guilty of the charge. On May 20, 1959 he was sentenced to a term of 12 to 15 years in the New Jersey State Prison.
On August 5, 1959 defendant filed a notice of appeal with the Essex County Clerk. Unfortunately, the pendency of the appeal was not noticed for some period of time. In 1961 defendant applied for leave to appeal as an indigent and his application was denied. On February 27, 1962 he repetitioned for leave and this court granted the second petition and assigned present counsel to prosecute the appeal. Subsequently counsel obtained court orders directing the preparation and filing of the transcript of the record, testimony and proceedings at the trial.
The proceedings at defendant's trial were stenographically recorded by two court reporters: Miss Olga Blum and Mr. John P. Murray. Miss Blum's notes recorded the first day of trial and included the voir dire, openings and direct examination of the complaining witness. Mr. Murray recorded the remaining two days of trial as well as the proceedings on the day of sentencing.
After the order directing the preparation and filing of the transcript had been entered, Miss Blum informed counsel and the clerk of the court that her stenographic notes had been destroyed in a fire occurring at her home in December 1959. Mr. Murray filed a transcript of the last two days of the trial.
On February 11, 1963 defendant's attorney moved for a new trial on the ground that in the absence of a complete and accurate record of the trial below, this court could not review the points of error raised by the appeal. On March 20, 1963 the motion was denied without prejudice and the State's motion for a reconstruction of the destroyed record was granted. In essence, this court ordered that the State and *455 defendant each prepare a statement of the substance of the proceedings of the first day of trial; that both statements be submitted to the trial judge; and that the trial judge, after a hearing on notice to both parties, "settle and certify" a final statement of the said proceedings.
On May 10, 1963, after receiving the State's and defendant's statements, the trial judge prepared a tentative "Certified Statement of Proceedings of the First Day of Trial" and held a hearing in the presence of the prosecutor, defendant and his counsel for the purpose of affording the parties an opportunity to present any other evidence material thereto. Finding no reason at the hearing to change the tentative "Certified Statement," the judge adopted it and submitted it to this court as part of the trial record on this appeal. In his "Certified Statement," the trial judge stated that he had destroyed his trial notes and that the statement was based upon "the Court's recollection, after reviewing the statement and counter-statement of the parties, the Court's charge, notes, sentence notes, and the Court Clerk's Daily Minutes."
On October 14, 1963 defendant's attorney renewed his motion before this court for a new trial on the additional ground that the procedure adopted for settlement of the record below, and the results of the settlement, were inadequate for the purpose of judicial review as a matter of due process. Ultimately, defendant was directed to proceed with the appeal without prejudice to his right to argue on appeal that the procedure used to reconstruct the record, or its result, did not satisfy his legal and constitutional right to have the appeal heard on an adequate record.
Defendant advances two arguments in support of his request for a new trial. First, he contends that the procedure adopted for the reconstruction of the trial record, as well as the result thereof, violates due process because he is deprived of a complete review on an adequate record. Second, defendant argues that he was substantially prejudiced at his trial by the admission into evidence of reference to attempted acts of perversion which were not part of the indictment.
*456 We conclude that the procedure adopted for the reconstruction of the record of the first day of defendant's trial, and the result thereof, satisfied the essential elements of due process.
The order for reconstruction directed that the State prepare and serve upon defendant and the trial judge a statement of the substance of the first day of trial based upon whatever sources were available, including the notes or recollection of trial counsel or of any witness, including the testimony of any witness; that defendant, if he did not agree with the State's statement, prepare and serve upon the State and the trial judge a counter-statement of the substance of the first day of trial; that the trial judge settle and certify a statement of the proceedings of the first day of trial after reviewing the aforesaid statements and having recourse to his recollection or his trial notes, and that he hold a hearing for such purpose upon due notice to the parties.
The foregoing procedure was complied with in every respect. The State submitted its statement. Defendant submitted a counter-statement. A hearing was held at which the State and defendant and his counsel were present, and both sides were afforded an opportunity to consider what the trial judge proposed to fix as his statement of the record of the first day. Only thereafter did the trial judge finally adopt a "Certified Statement of Proceedings of the First Day of Trial."
The foregoing procedure is basically the same as provided for in R.R. 1:6-3 governing an appeal when no stenographic record was made in the trial court, except that it provided additional protection to defendant in allowing him a hearing on the court's statement before final adoption thereof.
Defendant complains that the trial judge's certified statement is based principally on the statement submitted by the State. However, the trial judge has stated that his certified statement "is based upon the court's recollection" after reviewing the statement and counter-statement and other itemized sources. Defendant also charges that the certified statement *457 does not resolve factual inconsistencies between the two statements. We find that it does and that the adoption of the State's version of the complaining witness's testimony is a resolution of such inconsistencies.
In preparing its statement for submission to the trial court, the State interviewed the prosecutor who had presented the State's case at the trial and defendant's assigned trial counsel. It also conferred with the complaining witness. Defendant charges that "this ex parte conference clearly violated defendant's right to confrontation and cross-examination." Defendant also complains of a lack of opportunity to examine the trial prosecutor's or assigned counsel's trial notes, if in fact any such notes existed.
We see no error or prejudice. In the preparation of its statement the State was directed to utilize "whatever sources were available." Presumably the same sources used by the State were available to defendant in the preparation of his counter-statement. If they were not, he could have applied to the trial court to have them made available. The statement prepared by the State was not binding upon defendant or upon the trial court. It was no more than the State's version of the proceedings on the first day of the trial. Defendant was given the right to submit his own version of such proceedings by way of a counter-statement.
The certified statement does not mention the voir dire examination or the openings to the jury, other than to state that a jury was impaneled and opening remarks made. Defendant charges that this is prejudicial although he makes no specific claim of error in the openings, and on the voir dire the only claim made is that one of the jurors who was impaneled stated that he resided in Union County. However, defendant does not contend that he sought to have the juror excluded. Since defendant makes no claim to specific or substantial error as to this portion of his trial, we conclude that the certified statement in this regard is adequate.
Defendant's basic argument on this appeal is that aside from any claim of specific error, assigned counsel is unable *458 to review the proceedings on the first day of trial and therefore cannot determine whether or not reversible error was committed.
We do not agree with this argument. There is a record of such proceedings as reconstructed and certified by the trial judge. Defendant and his counsel were given full opportunity to and did participate in the reconstruction of the record in question. Except as above noted, defendant does not claim that such record is erroneous in any particular.
Chessman v. Teets, 354 U.S. 156, 77 S.Ct. 1127, 1 L.Ed.2d 1253 (1957), relied on by defendant, does not support his argument. Chessman had been convicted of a series of felonies in a California trial court and sentenced to death. An appeal to the California Supreme Court followed, but while the transcript of the trial proceedings was in the process of preparation, the trial court reporter suddenly died, having at that time dictated into a recording machine about one-third of his shorthand notes. A substitute reporter attempted to transcribe the balance of such notes. Chessman claimed numerous inaccuracies and omissions in the draft of the transcript, challenged the ability of the substitute reporter to read the notes, and requested a hearing before the trial judge as to such matters, which request was denied, and the record was settled ex parte by the trial judge. Based upon such record the California Supreme Court affirmed Chessman's conviction. The United States Supreme Court held that the ex parte settlement of the record violated Chessman's right to due process. However, it did not grant Chessman a new trial, but merely directed that the California Supreme Court review Chessman's conviction "upon a properly settled record." Implicit in that opinion is the proposition that a trial record in a criminal case can be reconstructed, provided due process is observed. Indeed, in the Chessman case, upon remand to the state court, resettlement of transcript proceedings was held with opportunity to Chessman to participate therein. The California Supreme Court then reviewed Chessman's conviction upon the resettled transcript and affirmed. *459 See People v. Chessman, 52 Cal.2d 467, 341 P.2d 679 (Sup. Ct. 1959). Thereafter, the United States Supreme Court denied Chessman's petition for a writ of certiorari, 361 U.S. 925, 80 S.Ct. 296, 4 L.Ed.2d 241 (1959).
In the instant case, defendant was given full opportunity to participate in the reconstruction of the record. He submitted his counter-statement of the proceedings and was afforded a hearing before the trial judge finally settled and certified a statement of the proceedings. Defendant makes no claim that the certified statement is erroneous in any particular. Under all of the circumstances we conclude that the requirements of due process were observed. Cf. Macomber v. Gladden, 304 F.2d 487 (9 Cir. 1962).
Defendant also contends that the admission into evidence of unrelated references to acts of perversion constituted reversible error.
The complaining witness testified on direct examination that, in addition to the rape, defendant had solicited her to perform acts of perversion and that she had refused. She repeated her story on cross-examination. Also, a written statement taken from defendant after his arrest and admitted into evidence at his trial referred to his solicitation of acts of perversion as well as the rape. This portion of the statement was objected to at trial but the trial court allowed the full statement to be marked in evidence. The prosecutor on summation referred to the complaining witness's testimony as to defendant's solicitation of acts of perversion.
When a defendant is on trial charged with the commission of a particular crime, evidence that he committed other crimes even of a similar nature is inadmissible unless the evidence of other crimes is part of the res gestae, or tends to prove some element of the crime for which he is on trial, or where the evidence of another crime tends to show malice, ill-will or intent on the part of defendant, or where a common scheme or plan embodies the commission of two or more crimes so related that proof of one tends to establish the other. State v. Kociolek, 23 N.J. 400, 418-419 (1957). Also, where the *460 commission of another crime evinces a state of mind that is shown to exist at the time of the commission of the crime charged, and is so related to the crime charged as to time, place and circumstances that the state of mind may be said to be continuous, evidence of the other crime may be admissible. State v. Sinnott, 24 N.J. 408, 413-414 (1957).
In the instant case we conclude that the reference to the solicitation to commit acts of perversion was admissible for a number of reasons. It was evidence of a continuous unbroken course of conduct intimately connected with the crime charged and was a part of the res gestae. It also evinced defendant's state of mind and inclination at the time and place of the crime charged.
In similar cases this type of evidence has been held admissible. Thus in People v. Ford, 81 Cal. App.2d 580, 184 P.2d 524 (App. Div. 1947), it was held that evidence as to an attempt to commit an act of sodomy on the complaining witness while she was being transported back into town after the rape was admissible at the defendant's trial on the charge of rape, on the ground that it was a part of a continuous unbroken course of conduct so intimately connected with the crime charged that it was proper to bring it before the jury. To the same effect is State v. Foley, 55 N.M. 590, 237 P.2d 1033 (Sup. Ct. 1951), where in a prosecution for rape it was held not error to admit the complaining witness's testimony that after the alleged rape defendant compelled her to submit to an unnatural act. In Thompson v. State, 166 Tex. Cr. R. 18, 310 S.W.2d 108 (Crim. App. 1957), testimony relating to acts of sodomy which took place after the rape was held admissible on the ground that all of the facts and circumstances surrounding the commission of the criminal offense were admissible. Generally, see Annotation, "Admissibility, in prosecution for sexual offenses, of evidence of other similar offenses," 77 A.L.R.2d 841 (1961).
The same general rule was followed in State v. Sinnott, supra, where in a prosecution for sodomy involving Robert, a male child, Robert testified that at the time of the commission *461 of the offense another boy was present and that defendant committed an act of sodomy upon the other boy. The other boy also testified to the acts committed upon him. Such evidence was held admissible as part of the res gestae and as evincing a state of mind existing at the time of the commission of the crime charged and so related to the crime charged as to time, place and circumstances as to be said to be continuous.
In line with the foregoing authorities we conclude that the evidence of defendant's solicitation of acts of perversion at the time of the rape was admissible as a part of the res gestae as well as evidence of defendant's state of mind and inclination.
Affirmed.