117 N.J. Super. 109 (1971)
283 A.2d 757
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANK R. KING, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 9, 1971.
Decided November 17, 1971.
*110 Before Judges KILKENNY, LABRECQUE and LANE.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Joseph A. Abbott, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. Dominick J. Ferrelli, Burlington County Prosecutor, attorney for respondent.
The opinion of the court was delivered by LANE, J.A.D.
Defendant appeals from the denial of his first petition for post-conviction relief, alleging that the trial court erred in failing to refer the petition to the Public Defender as required by R. 3:22-6(a).
On April 3, 1965 defendant was sentenced on his plea of guilty to three indictments charging him with sodomy to three concurrent indeterminate terms at the Diagnostic Unit of the State Prison Farm, Rahway, the maximum term to be 30 years.
On February 9, 1970 defendant, pro se, filed a petition for post-conviction relief inarticulately alleging violations of his constitutional rights under the Fourteenth Amendment of the United States Constitution.
With the petition was filed a sworn statement alleging indigency on the form prescribed by the Administrative Director of the Courts. It is perfectly obvious from this sworn statement that in fact defendant was indigent. In both the petition and the sworn statement he requested the appointment of counsel.
The trial court by letter to the defendant dated February 18, 1970 acknowledged the "Application for Post-Conviction Relief" and denied the application, stating:
The defendant's appearance before the Municipal Court did not result in any prejudice to his subsequent indictment and Guilty plea before the County Judge. At least no reference is made to any facts which would justify that conclusion. No confession was introduced, the validity of which might come into question. His incarceration *111 for six (6) months before plea and sentence is not unusual since there is no indication that his right to bail was refused. It must be remembered that following his Guilty plea on January 27, 1965, it was not until April 3, 1965 that the Diagnostic Report and Presentence Report were ready for the Court.
For these reasons the Application is denied.
R. 3:22-6(a) requires that the first petition for post-conviction relief must be referred to the office of the Public Defender if the petitioner's conviction was for an indictable offense unless the petitioner affirmatively states his intention to proceed pro se. This rule is mandatory. State v. Ellis, 116 N.J. Super. 330 (App. Div. 1971).
The direction to refer the first petition to the office of the Public Defender does not in any way depend upon whether the trial court thinks the petition is meritorious. R. 3:22-9 directs that amendments of petitions for postconviction relief shall be liberally allowed. As a matter of course the Public Defender may serve and file an amended petition within 25 days after the referral of the first petition to him. It is of advantage to the judicial system to have a first post-conviction relief petition raise all possible issues in existence at the time the petition is heard. Our courts have expressed disapproval of a piecemeal approach to litigation whereby only one of a number of existing issues is determined. Cf. State v. Loray, 46 N.J. 179, 184 (1965) (footnote 1); State v. Jenkins, 32 N.J. 109 (1960).
We should not have to point out that reference of a first petition for post-conviction relief to the office of the Public Defender can be of great assistance to the court. In this case the issues were poorly articulated and inadequately presented to the trial court. The Public Defender by filing an amended petition will bring all issues that can be raised by the defendant into sharp focus and provide the court with the authorities supporting defendant's position.
Although both defendant and the State have argued in their briefs the substance of the issues thought to have been raised by the petition for post-conviction relief, we decline *112 to consider those issues because the failure to refer the petition to the Public Defender in the first instance was a fundamental error which denied defendant a full and fair hearing on that petition.
The order denying defendant's petition for post-conviction relief is reversed. The matter is remanded to the trial court to be proceeded with in accordance with R. 3:22. Upon reference to the Public Defender he will make a complete investigation and file any amended petition under R. 3:22-9 that may be necessary to raise all possible issues upon which defendant might be entitled to relief. Upon filing the amended petition, the matter will be disposed of by the trial court in the manner directed by State v. Odom, 113 N.J. Super. 186 (App. Div. 1971), certif. den. 58 N.J. 331 (1971).