260 N.J. Super. 559 (1992)
617 A.2d 286
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
REGINALD CLARK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 17, 1992.
Decided December 10, 1992.
*560 Before Judges PRESSLER, R.S. COHEN and KESTIN.
Zulima V. Farber, Public Defender, attorney for appellant (Matthew Astore, Deputy Public Defender, on the letter brief).
Robert J. Del Tufo, Attorney General, attorney for respondent (Linda K. Danielson and Teresa A. Blair, Deputies Attorney General on the letter brief).
The opinion of the court was delivered by KESTIN, J.A.D.
Defendant's petition for post-conviction relief was denied after a hearing in which he was unrepresented by counsel. The *561 Public Defender had assigned a designated attorney to represent the defendant, but counsel's only communication with the court was to secure a three-week adjournment of the hearing. No papers were filed with the court by counsel on defendant's behalf; counsel did not communicate with defendant about the case; and counsel did not appear at the hearing. When the trial court conducted a proceeding pursuant to our remand to determine what had occurred, counsel represented that when the post-conviction relief matter was assigned to him, he
reviewed the documents involved. Quite honestly, I felt the issues were not meritorious, there was nothing I could add, and I simply  whether I said anything to the Court at that time or not, I don't know. But I was satisfied the matter could be resolved on the papers without my adding anything to it.
It appears that when the matter came before the trial court, no papers had been submitted by the State in opposition to defendant's petition, either. The record reflects that the only persons present for this matter were the judge and an assistant prosecutor who advanced no oral argument. According to the judge, the denial of defendant's petition was the result of the judge's analysis of its merits from the supporting papers filed by defendant.
We hold that it was error for the trial court to dispose of defendant's post-conviction relief application without defense counsel's presence and, at least, a representation that counsel had conferred with defendant and had investigated the merits of the petition. The trial court should have made an inquiry into the reasons for counsel's absence and, if necessary, should have rescheduled the hearing on a short date.
There are at least three good reasons why a trial court should not proceed to decision under these circumstances without an adequate basis for making a finding that a defendant has actually received the benefit of assigned counsel's attention to the case. An on-the-record representation by counsel to that effect is adequate in the absence of a work product that signifies the attorney's involvement.
*562 The first reason for not proceeding in the absence of defense counsel's involvement is because the rule says not to do so. R. 3:22-6(a) clearly contemplates an attorney's involvement in a first petition for post-conviction relief. In the absence of an affirmatively expressed intention by the defendant to proceed pro se (or with retained counsel), the rule requires that the court
refer the matter to the Office of the Public Defender if the defendant's conviction was for an indictable offense, or assign counsel ... if the defendant's conviction was for a nonindictable offense.
This is not a rule which is satisfied by pro forma compliance alone, as the State argues. The other reasons for not proceeding in the absence of defense counsel's involvement show why.
In State v. King, 117 N.J. Super. 109, 111, 283 A.2d 757 (App.Div. 1971), we observed
It is of advantage to the judicial system to have a first post-conviction relief petition raise all possible issues in existence at the time the petition is heard. Our courts have expressed disapproval of a piecemeal approach to litigation whereby only one of a number of existing issues is determined. [citations omitted].
The R. 3:22-4 bar against issues not raised in prior proceedings cannot be fairly applied if a defendant does not receive actual assistance of counsel in a first petition for post-conviction relief. Efficient conduct of the court system in matters of postconviction relief requires not only that a defendant have the involvement of assigned counsel on a first petition, but also that that involvement be adequately documented so that a court on a subsequent petition will have some basis in the record for determining whether the later proceeding raises grounds which, in a fair evaluation, could reasonably have been raised previously. See also R. 3:22-6(b).
Finally, no true justice system could be satisfied with pro forma fulfillment of a guarantee as important as the right to counsel where there has been no actual assistance rendered. A defendant is entitled to considerably more than this defendant received. Cf. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); U.S. v. Cronic, 466 U.S. *563 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); State v. Fritz, 105 N.J. 42, 519 A.2d 336 (1987). A defendant who has filed a petition for post-conviction relief has a right to communicate with his attorney at an early stage, which includes effective opportunity to consult with counsel on the merits of the petition. This consultation enables counsel to obtain a fuller understanding of the case than a mere review of the defendant's pro se papers and the trial record might provide. It is a necessary prelude to fashioning the most effective argument possible on the defendant's behalf which, after all, is counsel's primary responsibility. This consultation also furnishes counsel with an opportunity to explain to the defendant, where appropriate, the ways in which the petition is deficient or appears to be entirely without merit; and to secure whatever additional information exists beyond that disclosed by counsel's independent inspection of the trial record which might lead to the filing of an amendment to the petition pursuant to R. 3:22-9. At the very least, consultation and close inspection of the trial record are necessary before counsel may make a determination, as occurred here without any consultation or inspection, that the petition is wholly without merit. Further, a defendant has a right to counsel's presence in open court when the petition is heard so that the defendant's interests may be fully protected. In the unlikely event that the petition is so deficient on the merits that no argument can be developed for it within the bounds of what an adversarial system permits, counsel for defendant must be prepared to so indicate on the record. Lastly, a defendant has a right to hear about the outcome of the matter from counsel, either by letter or in person, not just from some sterile communication which might issue from a clerk's office.
Although the defendant in this case received more from the system than did the defendant in State v. King, supra, (where the matter was not even referred to the Public Defender), it wasn't much more. Assigned counsel had no communication whatsoever with the defendant until months after the petition had been denied, and then only because defendant had the *564 presence of mind to write to the Deputy Public Defender to complain about the deficient representation and to demand the Public Defender's assistance in an appeal. That assistance was given and this reversal is the result.
Assignment of a post-conviction relief matter to the Office of the Public Defender is only an initial requirement of R. 3:22-6. It does not relieve the trial court of its responsibility to monitor compliance with the Rules of Court in their spirit as well as their letter.
Reversed and remanded for reconsideration of the petition for post-conviction relief.