688 A.2d 1093
STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
ROBERTO CASIMONO, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 20, 1996—Decided February 25, 1997.

Before Judges LONG, SKILLMAN and CUFF.

*Susan L. Reisner*, Public Defender, attorney for appellant (*Lon Taylor*, Assistant Deputy Public Defender, of counsel and on the brief).

*John B. Dangler*, Morris County Prosecutor, attorney for respondent (*Michael Jan*, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a *pro se* supplemental brief.

The opinion of the court was delivered by

CUFF, J.A.D.

Defendant Roberto Casimono appeals from the denial of his petition for post-conviction relief. Because the trial judge reconstructed the missing record of the post-conviction relief hearing without the participation of counsel, we reverse and remand for a proper reconstruction of the record.

Defendant was convicted in 1989 of possession of a substantial amount of cocaine with the intent to distribute it, hindering apprehension, and resisting arrest. He was sentenced to a custodial term of eighteen years with a six-year period of parole ineligibility on the possession conviction and a concurrent term of five years for the hindering apprehension conviction. A consecutive one-year term was imposed for resisting arrest. The usual fines and penalties were also imposed.

This court affirmed the denial of the motion to suppress and affirmed the conviction. *State v. Casimono*, 250 *N.J.Super.* 173, 593 *A.*2d 827 (App.Div.1991). The Supreme Court denied certification, 127 *N.J.* 558, 606 *A.*2d 370 (1992). Defendant's *pro se* petition for certiorari was denied. Next, he filed a *habeas corpus* petition in federal court. When this was denied, he filed this *pro se* petition for post-conviction relief on August 9, 1994.

The hearing was conducted on December 12, 1994. Counsel was appointed to represent defendant. After denial of his petition, defendant filed a notice of appeal, and soon thereafter it was discovered that a record of the post-conviction relief proceeding

had not been made.[1] This court temporarily remanded this matter to the trial court to reconstruct the record pursuant to *R.* 2:5–3(f). Without the presence or participation of counsel for either party, the trial judge announced his reconstruction of the record on April 2, 1996.

*R.* 2:5–3(f) governs reconstruction of a lost or destroyed verbatim record of proceedings. It provides:

> If a verbatim record made of the proceedings has been lost, destroyed or is otherwise unavailable, the court or agency from which the appeal was taken shall *supervise* the reconstruction of the record. The reconstruction may be in the form of a statement of proceedings in lieu of a transcript.
>
> [*R.* 2:5–3(f) (emphasis added).]

By use of the word "supervise," it is apparent that the role of the trial judge is to oversee or superintend the work of others. It is a participatory process which involves the court and counsel. It is not the sole responsibility of the trial judge to reconstruct the lost record.

The reference to the statement of proceedings in lieu of transcript, *R.* 2:5–3(f), gives some direction as to the form of the process of reconstruction of a record and underscores that the result of the process is a collective effort. In that procedure, the attorney representing the appellant prepares the list of items comprising the record and forwards it to the attorney for the respondent who has an opportunity to review the proposed statement and forward any objections or amendments to the appellant. In the event that the objections are not resolved or the amendments are not accepted, the court or agency from which the appeal is taken must settle the statement of proceedings.

Measured against this procedure, the method utilized by the trial judge fails. Here, there was no input from either attorney. Moreover, the method employed here bears no resem-

---

[1] An order dated August 28, 1995 states that the hearing occurred on December 12, 1994. The trial court and counsel subsequently referred to December 16, 1994, as the hearing date. The inquiries of court and counsel reveal no verbatim record of the hearing for either date.

blance to the reconstruction methods approved in *State v. Izaguirre*, 272 *N.J.Super.* 51, 639 *A.*2d 343 (App.Div.), *certif. denied*, 137 *N.J.* 167, 644 *A.*2d 615 (1994); *State v. Gaines*, 147 *N.J.Super.* 84, 370 *A.*2d 856 (App.Div.1975), *aff'd sub nom, State v. Powers*, 72 *N.J.* 346, 370 *A.*2d 854 (1977); and *State v. Kozarski*, 143 *N.J.Super.* 12, 362 *A.*2d 598 (App.Div.), *certif. denied*, 71 *N.J.* 532, 366 *A.*2d 687 (1976).

In *Izaguirre*, we explained that the absence of a verbatim record "raises a question concerning fairness that must be addressed." *Izaguirre, supra*, 272 *N.J.Super.* at 56, 639 *A.*2d 343 (citing *State v. Smith*, 84 *N.J.Super.* 452, 456–59, 202 *A.*2d 461 (App.Div.), *certif. denied*, 43 *N.J.* 270, 203 *A.*2d 720 (1964)). When a verbatim record of proceedings is lost, it becomes the duty of the trial judge as a matter of due process to reconstruct the record in a manner that provides a reasonable assurance of accuracy and completeness. *Id.* at 56–57, 639 *A.*2d 343. In *Izaguirre* and *Gaines*, the reconstruction procedure included extensive participation of counsel and the trial judge, including the exchange of trial notes maintained by the court and all counsel. In *Gaines*, in addition to the participation of counsel, the trial judge allowed the defendants an opportunity to contribute their recollection of the testimony. In *Kozarski*, we can infer that there was an exchange of statements between counsel which were submitted to the trial judge, who ultimately resolved any disputes.

We do not read *Izaguirre* to require the precise procedure utilized by the trial judge in that case in every instance. In *Izaguirre* the court was required to supervise the reconstruction of the record of an entire trial. At a minimum, however, the prosecutor and defense counsel must participate, the defendant must have an opportunity to ·attend the proceeding designed to resolve any differences, and the trial judge must settle the record on notice to all participants. That was not done in this case.

We must remand this matter for proper reconstruction of the record because we have no reasonable assurance of the accuracy or completeness of this record. Moreover, we are unable to

perform our appellate function on the state of this record. Defendant filed a *pro se* petition for post-conviction relief. It appears that counsel was appointed to represent defendant; however, as reconstructed, the record does not inform us of the name of assigned counsel. We do not know whether assigned counsel submitted a brief. We do not know if counsel reviewed the trial transcripts, interviewed defendant or made any argument on his behalf at the hearing on the petition. In short, we cannot discern whether the appointed attorney fulfilled the specific obligations imposed on assigned counsel in a post-conviction proceeding. *See State v. Clark*, 260 *N.J.Super.* 559, 617 *A.*2d 286 (App.Div.1992); *State v. King*, 117 *N.J.Super.* 109, 111–12, 283 *A.*2d 757 (App.Div. 1971). We also do not know if assigned counsel offered any argument beyond the arguments offered by defendant to relax the five-year bar for post-conviction relief.

Accordingly, we remand this matter for reconstruction of the record of the December 12, 1994 hearing of defendant's petition for post-conviction relief consistent with this opinion. The matter should be completed within sixty days. We retain jurisdiction.