**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4488-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JERMAINE EASON,
a/k/a JULITO EASON,
and JERMAINE JULITO,

    Defendant-Appellant.

_____

Submitted March 16, 2021 – Decided June 4, 2021

Before Judges Fisher and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 13-04-0369.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Marc A. Festa, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Indicted, with codefendants Rayvon Wilson and Clara Amaya, for second-degree conspiracy to commit robbery, N.J.S.A. 2C:15-1(a)(2) and 2C:5-2 (count one); eleven counts of first-degree robbery, N.J.S.A. 2C:15-1(a)(1) and (2) (counts two, five, seven, ten, thirteen, sixteen, nineteen, twenty-two, twenty-five, twenty-eight and thirty-three); eleven counts of second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (counts three, six, eight, eleven, fourteen, seventeen, twenty, twenty-three, twenty-six, twenty-nine and thirty-four); one count of second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(a) (count four); three counts of fourth-degree theft, N.J.S.A. 2C:20-3 (counts nine, eighteen and thirty); six counts of third-degree theft, N.J.S.A. 2C:20-3 (counts twelve, fifteen, twenty-one, twenty-four, twenty-seven and thirty-five); two counts of third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) and (2) (counts thirty-one and thirty-two), and after his first trial ended in a mistrial during jury deliberations, on the ninth day of jury selection during his second trial, defendant Jermaine Eason pleaded guilty to second-degree unlawful possession of a weapon (count four) and seven counts of first-degree robbery (counts five, seven, ten, nineteen, twenty-five, twenty-eight and thirty-three). He also pleaded guilty under the terms of the same plea agreement to charges in two other indictments: third-degree corrupting a juror, N.J.S.A.

2C:29-8, and third-degree terroristic threats, N.J.S.A. 2C:12-3. He was sentenced to an aggregate twenty-year prison term subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, which we affirmed on our excessive sentencing calendar, State v. Eason, No. A-5272-16 (App. Div. Jan. 9, 2018).

His timely filed postconviction relief (PCR) petition, as supplemented by a brief prepared by appointed counsel, was denied by Judge Marybel Mercado-Ramirez. Defendant appeals, arguing:

> THIS MATTER MUST BE REMANDED FOR THE APPOINTMENT OF NEW PCR COUNSEL AS SUPPORT WAS NOT PROVIDED FOR ANY OF THE ARGUMENTS RAISED BY [DEFENDANT] IN THE PCR PETITION, LEAVING THE PCR COURT UNABLE TO PROPERLY ADDRESS ANY OF HIS ISSUES.

Reviewing the factual inferences drawn by the judge and her legal conclusions de novo because she did not conduct an evidentiary hearing, State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016), we agree with defendant that his counsel's brief did little to advance his arguments. But Judge Mercado-Ramirez thoroughly reviewed each of the arguments defendant wished to advance and found them meritless. We affirm substantially for the reasons set forth in her comprehensive oral decision.

3

Defendant reiterates his claims of ineffective assistance of both his trial counsel and appellate counsel that were set forth in his pro se petition and concomitant certification. Defendant avers his trial counsel who represented him during the first trial failed to provide him with full discovery; "convinced" him to plead guilty; and failed to "effectively represent [him] during the pretrial preparation process[] and subsequent guilty plea." Appellate counsel, according to defendant, failed to "appeal the denial of various motions such as his suppression motion and severance motion, as well as his motion to substitute counsel, and [appellate counsel's] failure to challenge prosecutorial misconduct and disparity in sentencing."

The focus of defendant's argument on appeal is not on the merits of his prior counsels' ineffectiveness under the Strickland-Fritz standard,[1] but on his PCR counsel's failure "to [both] address these arguments with any supporting

---

[1] To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), first by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," then by proving he suffered prejudice due to counsel's deficient performance, Strickland, 466 U.S. at 687; see also Fritz, 105 N.J. at 52. Defendant must show by a "reasonable probability" that the deficient performance affected the outcome of the proceeding. Fritz, 105 N.J. at 58.

information in his brief" and submit transcripts of the first trial, particularly those of the pre-trial motions. Defendant contends he was "not given a meaningful opportunity to have a full and fair [PCR] hearing with his claims advanced by counsel."

Our Supreme Court made clear the duties of PCR counsel:

> Under our scheme that attorney is responsible to communicate with his client and investigate the claims. State v. Velez, 329 N.J. Super. 128, 133 (App. Div. 2000); State v. Casimono, 298 N.J. Super. 22, 27 (App. Div. 1997) (remanding case to trial court to determine whether PCR counsel fulfilled his obligations to interview trial counsel, meet with defendant, submit brief, and argue on behalf of defendant); State v. King, 117 N.J. Super. 109, 111 (App. Div. [1971]). Based on that communication and investigation, counsel then must "fashion the most effective arguments possible." Velez, 329 N.J. Super. at 133.
>
> [State v. Rue, 175 N.J. 1, 18 (2002).]

In the brief submitted to Judge Mercado-Ramirez, PCR counsel sparely addressed trial counsel's ineffectiveness:

> Here, [defendant] states that his trial counsel did not properly review his case; did not provide him with all of the discovery; failed to perform investigations; and did not take his client's statement that he intended to proceed to trial into account and convinced him to enter a guilty plea in contravention of his client's wishes.
>
> These actions[] and non-actions on the part of trial counsel qualify as ineffectiveness and meet[] the

5

> strictures of both prongs of the Strickland-Fritz test for allowing the matter to proceed.
>
> [Defendant] has provided in his pro[]se PCR petition, and with more specificity in his supplemental certification the specific issues he wishes the [c]ourt should consider for relief.

His argument regarding appellate counsel specified only:

> [Defendant] also states that appellate counsel, who instead of appealing the entire matter, including and especially the denial of his suppression motion, submitted his case to the [excessive sentence oral argument] panel to only have his sentence addressed.

During the first day of the PCR hearing, Judge Mercado-Ramirez entertained defendant's complaints regarding PCR counsel's submission and his request for new counsel. The judge did yeoman's work to ascertain the basis for defendant's claims and to thoroughly scour the record to see if any were supported. Having handled the case from the first day of jury selection during the first trial through plea and sentencing, the judge's familiarity with the record was evidenced in the findings she made as to each argument advanced by defendant.

After synopsizing the evidence pertaining to each of the eleven robberies with which defendant was charged, the judge turned to defendant's claims of ineffectiveness of his trial counsel, beginning with counsel's failure to provide

him with discovery, investigate favorable evidence and "to obtain police dispatch records that would have proved [defendant] was innocent." The judge related defendant's clarification, made during the first hearing, that "the only item of discovery his trial counsel failed to provide was the police dispatch report," and "the necessary investigation for favorable evidence he referred to was the same police dispatch report."

Although the judge was not provided with transcripts of the first trial, she reviewed CourtSmart recordings and from them found the record evidenced defendant did receive the dispatch report. She first noted defendant signed a pretrial memorandum on October 19, 2015, agreeing all discovery had been provided. Moreover, on May 6, 2016, during the trial testimony of Paterson Police Officer Alfredo Guzman, who performed the motor-vehicle stop that led to defendant's arrest, trial counsel "extensively" cross-examined him about the contents of the dispatch report, leading the judge to conclude "even before jury selection of his second trial [began, defendant] was aware of that police dispatch report and his trial counsel used it effectively during [defendant's] very first trial." The judge also reviewed the dispatch report and found it did "not contain anything of any significance that would prove [defendant's] innocence."

A-4488-18

Judge Mercado-Ramirez also noted defendant pleaded guilty during the second trial's ninth day of jury selection after having "had a full-blown lengthy [first] trial where all the evidence was presented and challenged" and entered his guilty plea knowing the State added DNA evidence showing defendant's blood was found at the scene of the last robbery during which defendant had been shot by the store owner. The court also considered the plea form and plea colloquy during which defendant acknowledged he: was satisfied with his trial counsel; had reviewed the evidence with him; had sufficient time to speak to counsel about the case; had all his questions answered by counsel to his satisfaction; was not forced or threatened to plead guilty; was not promised anything nor were representations made to him other than those made in open court. The judge found that record belied defendant's contention that counsel saw him only a handful of times and convinced him to plead guilty. The judge added her review of the court file showed defendant and his trial counsel had appeared before her forty-two times and had appeared before other judges assigned to the case on twenty other dates.

The judge also observed defendant faced a life sentence if convicted at trial because his prior record exposed him to a discretionary extended term, N.J.S.A. 2C:44-3, but the plea agreement called for a twenty-year sentence for

seven first-degree robberies. Thus, Judge Mercado-Ramirez concluded defendant had not shown: "(i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [defendant] would not have [pleaded] guilty and would have insisted on going to trial.'" State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).

The judge undertook the same painstaking review of defendant claims of appellate counsel's ineffective assistance.

Judge Mercado-Ramirez had heard and denied defendant's motion to suppress based on his contention Officer Guzman randomly stopped the motor vehicle in which he was found. During her recitation of the facts pertaining to the robbery of the El Higha Deli Grocery Store, during which one of the two perpetrators was shot by the store owner, the judge noted Guzman was advised via radio transmission minutes after the robbery "to be on the lookout for a potential suspect vehicle": a Suzuki Grand Vitara XL7. Less than one-half hour after the robbery, Guzman observed a vehicle matching that description "traveling in a northerly direction away from the robbery location." Guzman followed the vehicle and, from a license-plate check, learned the registered

owner had a suspended driver's license, prompting him to initiate a motor vehicle stop. From Guzman's report and trial testimony, the judge deduced, even before Guzman could call in the stop to headquarters, he heard the vehicle's driver yell, "he's shot." Guzman approached the vehicle with his gun drawn because the circumstances linked the vehicle to the robbery. Defendant, suffering a gunshot wound, was among the vehicle's three occupants. The judge also related how each of the other occupants had confessed to eight robberies, implicating defendant in detailed descriptions of the crimes.

The judge found Guzman, whose suppression-motion testimony she deemed credible, was justified in stopping the vehicle based on the radio transmission alone, and, when buttressed by the evidence of the owner's license suspension, an appeal of the denial would not have been successful. We agree. Defendant has not asserted any fact that would have warranted a reversal of the motion judge's denial, based on the officer's testimony which she found credible. See State v. Locurto, 157 N.J. 463, 471-72 (1999).

The judge also found appellate counsel was not ineffective for failing to challenge defendant's other pre-trial motions. During argument at the excessive-sentencing hearing, appellate counsel advised the panel he had received "a communication from [defendant] in which he indicated that he didn't want an

[excessive sentence] appeal, he wanted to appeal his pretrial motions." Counsel represented he had "consulted the pertinent portions of the plea form and the plea transcript" and had sent defendant "a letter back explaining with the documents showing him that he had, in fact, explicitly waived his right to appeal the pretrial motions and that therefore we would proceed with the [excessive sentencing] appeal."

Judge Mercado-Ramirez reviewed the portion of defendant's plea colloquy in which he stated he understood he was waiving his right to appeal any pretrial motions, other than the suppression motion, confirming that portion of the plea form addressing that waiver. The judge observed "appellate attorney's performance cannot be found to be deficient based upon rights previously waived by the client." The judge also diligently reviewed the denial of defendant's motions to sever counts and substitute trial counsel and concluded there would be no merit to an appeal of those decisions.

Because defendant admitted his claim of prosecutorial misconduct was based on the purported failure to turn over the dispatch records, the judge concluded her finding that the report was turned over and used by trial counsel during the first trial rendered that argument meritless if appealed.

A-4488-18

Defendant is entitled "to the effective assistance of appellate counsel on direct appeal." State v. O'Neil, 219 N.J. 598, 610 (2014). To that end, appellate counsel has a duty to "bring to the court's attention controlling law that will vindicate her [or his] client's cause." Id. at 612. But appellate counsel is not obligated to raise issues they know to be without merit. See State v. Worlock, 117 N.J. 596, 625 (1990); State v. Gaither, 396 N.J. Super. 508, 515-16 (App. Div. 2007). The United States Supreme Court held appellate advocates must exercise professional judgment in winnowing potential issues on appeal, selecting only "the most promising for review," and cautioned against judges "second-guess[ing] reasonable professional judgments" of appellate counsel. Jones v. Barnes, 463 U.S. 745, 752, 754 (1983).

We follow the Court's guidance in holding an appellate counsel, unlike a PCR counsel, is not mandated to advance every argument a defendant desires to include in a direct appeal. Gaither, 396 N.J. Super. at 515. Our Supreme Court also instructed that "[a]n attorney is entitled to 'a strong presumption' that he or she provided reasonably effective assistance, and a 'defendant must overcome the presumption that' the attorney's decisions followed a sound strategic approach to the case." State v. Pierre, 223 N.J. 560, 578-79 (2015) (quoting Strickland, 466 U.S. at 689). Under those precepts, we agree with Judge

Mercado-Ramirez that appellate counsel was not ineffective when he refrained from appealing the denial of defendant's motions.

The judge's thorough review also included defendant's sentencing-disparity argument. We discern no reason to disturb the judge's cogent observations, echoing her findings made during defendant's sentencing, that defendant: pleaded guilty to seven robberies involving separate incidents and victims, and his codefendants pleaded guilty to only three; pleaded guilty to two additional indictments; faced a possible life term; and, as the "main actor," had "far greater" culpability than his codefendants.

The judge concluded defendant's unsupported assertions of appellate counsel's errors did not warrant a finding of ineffective assistance, and that defendant had not established a prima facie case to warrant an evidentiary hearing.

Even though PCR counsel did not advance defendant's arguments in his brief, Judge Mercado-Ramirez's careful consideration of those arguments obviate the necessity for a remand. As was the case in Rue, the brief submitted did little to show the "best available arguments" were made on defendant's behalf. Rue, 175 N.J. at 19. But PCR counsel did not "denigrate or dismiss"

defendant's pro se claims, or "negatively evaluate them"; nor did he "render aid and support to the state's opposition." Ibid.

Defendant does not contend there was any evidence not considered by Judge Mercado-Ramirez that would have better supported his PCR arguments. He does not proffer any argument or evidence that his PCR counsel should have advanced to counter the judge's finding that he met neither prong of Strickland-Fritz and did not establish a prima facie case. This is not an appeal of a determination of a PCR petition alleging ineffective assistance of PCR counsel. But, as Judge Mercado-Ramirez cogently found, there is no merit to the claims of ineffective assistance of any counsel, including those raised by defendant alone. We see no reason to disturb Judge Mercado-Ramirez's well-reasoned denial of defendant's petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4488-18