143 N.J. Super. 12 (1976)
362 A.2d 598
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WALTER KOZARSKI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted June 15, 1976.
Decided July 1, 1976.
*14 Before Judges MATTHEWS, LORA and MORGAN.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Michael C. Shale, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Michael A. Graham, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant was tried to a jury and convicted of impairing the morals of a minor, specifically, committing an act of fellatio on an 11-year-old boy. Subsequent to the conviction the trial judge directed the filing of a second offender accusation pursuant to N.J.S.A. 2A:85-8, and defendant was referred to Menlo Park Diagnostic Center for evaluation pursuant to the Sex Offender Act, N.J.S.A. 2A:164-3, et seq. where he was found to be a repetitive, *15 compulsive offender within the meaning of the act, N.J.S.A. 2A:164-5. Defendant requested a hearing under State v. Horne, 56 N.J. 372 (1970), and moved to strike the second offender accusation and for disqualification of the trial judge. He further argued below that the enhanced punishment called for by the Habitual Offender Act conflicted with and was repugnant to the therapeutic goals of the Sex Offender Act and that the Habitual Offender Act was unconstitutional on its face as well as in its application to him.
After a hearing on defendant's Menlo Park classification as a repetitive, compulsive sexual offender, the trial judge ruled defendant's classification was well justified and met the burden of proof imposed upon the prosecution by State v. Horne, supra. He denied defendant's motion to disqualify himself because of his instruction to the prosecutor to file the second offender accusation. He further held that there was no showing of intentional and purposeful discrimination against defendant in the application of the Multiple Offender Act to him and that there was no real conflict between the invocation of that statute and a classification compelling sentencing as a compulsive, repetitive sex offender or in the two social policies enunciated by the Legislature in the two acts.
The trial judge found defendant guilty under the multiple offender accusation and sentenced him to a six-year maximum indeterminate sentence at the Rahway Diagnostic Center, a term twice the length of the term provided by statute as the penalty for the misdemeanor for which he was convicted. Following the filing of defendant's notice of appeal, the matter was remanded by order of this court for reconstruction of the trial record because of a fire which destroyed the original stenographic notes of the trial.
On appeal defendant contends that (1) his conviction for impairing the morals of a minor must be reversed and the matter remanded for a new trial because no record exists from which he can be given a meaningful appeal; (2) the admission of "fresh complaint" testimony of the victim's *16 mother was error requiring reversal of the conviction, and (3) it was reversable error for the trial judge to admit testimony of a prior act of fellatio which allegedly took place in Fairmount Park in Philadelphia several hours prior to the act here involved, and to fail to strike testimony by the victim that defendant proposed or suggested an act of anal intercourse.
Defendant and his counsel appeared before the trial judge at the reconstruction hearing. Although counsel's notes and those of the prosecutor and the trial judge were not comprehensive, the trial was brief and there was agreement as to the crucial issues in the case. There had been no objection to the trial judge's charge and the basic factual issue was credibility of the victim, defendant not having taken the stand.
We have reviewed the transcript of the reconstruction proceedings together with the settlement letter of the trial judge and are of the view the reconstructed record is clearly adequate for appeal purposes. Furthermore, verbatim transcripts of defendant's motions and the hearings relating to the issues raised as to the application of the Habitual Offender Act and the Sex Offender Act are available and before the court for use on the appeal. Defendant's right to due process has not been violated by the reconstructed record on appeal.
In the reconstruction transcript, all parties agreed that the trial judge allowed the victim's mother to testify that her boy told her of the incident two weeks after it occurred. Admission of this testimony was objected to by defendant on the ground that the passage of two weeks from the time of the incident to that of the report rendered the complaint testimony inadmissible. However, in light of the natural reluctance of an 11-year-old boy to divulge information of this type to his parents, and because he was "somewhat afraid," the time period involved was not such as to bring the statement beyond the comprehension of the rule. See e.g., State v. Hummel, 132 N.J. Super. 412 (App. Div. *17 1975), certif. den. 67 N.J. 102 (1975). Defendant also alleges for the first time on appeal that the "complaint" may not have been a complaint at all, but may have been elicited under questioning by the mother. Assuming this were true, the admission of the testimony would not rise to the level of plain error in view of the testimony of "fresh complaint" to Jimmy Kozarski, defendant's son and a friend and playmate of the victim, within a day or two of the episode. The weight and timeliness of the complaints was for the jury. R. 2:10-2; State v. Macon, 57 N.J. 325 (1971).
It was agreed at the reconstruction hearing that the young victim testified that defendant performed an act of fellatio on him in Fairmount Park in Philadelphia several hours previous to the act which is the subject of the within indictment, and that defendant had proposed an act of anal intercourse. The trial judge precluded defense counsel from cross-examining the victim on his testimony regarding the proposed or suggested act of anal intercourse, based on the boy's failure to ever mention this in his signed statement, at the municipal court hearing or before the grand jury, because of anticipated difficulties in confronting the boy with and interrogating him on prior statements. In lieu of cross-examination the trial judge suggested that the State and defense counsel enter into a stipulation, which was then read to the jury, that in none of these three prior statements or testimony did the alleged victim state that defendant proposed or suggested an act of anal intercourse. Defendant asserts the proper way to have dealt with this testimony was to exclude it and instruct the jury to disregard it. We disagree.
While it is true that evidence of other crimes may not be adduced for the purpose of showing predisposition and that defendant would be likely to commit the crime charged, such testimony is admissible to show defendant's state of mind and intent, particularly where the acts testified to are so related to the crimes charged as to time, place and circumstance as to evidence a continuous state of mind with *18 respect to the acts for which defendant is being tried. R. 55; State v. Hummel, supra.
In the second phase of his appeal defendant addresses himself to various issues arising out of the Sex Offender Act, N.J.S.A. 2A:164-3 et seq., and the Habitual Offender Act, N.J.S.A. 2A:85-8. He contends that (1) his classification as a sex offender should be set aside because it was not based on clinical findings, as required by N.J.S.A. 2A:164-5; (2) N.J.S.A. 2A:85-13 is void for vagueness and violates due process; (3) the application of the Habitual Offender Act against defendant was arbitrary and capricious and violated defendant's right to equal protection of the law; (4) the Habitual Offender Act should not be applied to a defendant who is found to be a sex offender and should not be used to increase the maximum amount of time a defendant may be hospitalized under the Sex Offender Act, and (5) the trial judge should have disqualified himself from involvement in the prosecution of the habitual offender accusation. We find all of these contentions to be without merit substantially for the reasons expressed in the comprehensive written opinion of Judge King for the Law Division, reported in 128 N.J. Super. 513 (Law Div. 1974).
Affirmed.