790 A.2d 248 (2002)
347 N.J. Super. 451
CARTERET BOARD OF EDUCATION, Plaintiff-Respondent,
v.
Saad RADWAN, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted October 30, 2001.
Decided February 8, 2002.
*249 Ashton E. Thomas, Elizabeth, attorney for appellant.
Wilentz, Goldman & Spitzer, Eatontown, attorneys for respondent Carteret Board of Education (Christine D. Petruzzell, of counsel; Ms. Petruzzell and Donna A. McBarron, on the brief).
John J. Farmer, Jr., Attorney General, attorney for respondent State Board of Education (Patrick DeAlmeida, Deputy Attorney General, of counsel; Kathleen Asher, Deputy Attorney General, on the brief).
Before Judges WEFING, CIANCIA and LESEMANN.
The opinion of the court was delivered by WEFING, J.A.D.
Saad Radwan appeals from a Final Decision of the State Board of Education that affirmed the decision of the Commissioner of Education finding Radwan was guilty of conduct unbecoming a tenured custodian and ordered his dismissal. After reviewing the record in light of the contentions advanced on appeal, we affirm.
Radwan commenced employment with the Carteret Board of Education in 1991. In June 1997, the Board certified tenure *250 charges against him, alleging conduct unbecoming a tenured custodian and insubordination. The matter was heard in the Office of Administrative Law in a proceeding that spanned nineteen days. More than two hundred exhibits were received as evidence. The administrative law judge (ALJ) who presided over the hearing issued a detailed twenty-four page opinion in which he comprehensively set forth his findings of fact and conclusions of law, as well as his assessment of the credibility of the numerous witnesses who had appeared before him. He noted that he "found the Board's witnesses believable and respondent unconvincing."
Radwan presents three arguments on appeal. He asserts that the State Board of Education violated his due process rights "by adopting findings and conclusions," that it violated his due process rights by denying his application for a hearing to reconstruct the record and violated his due process rights by denying his application to cross-examine a particular witness, Karen Lopez. To the extent that his first argument challenges the well-established principle that the decision of an administrative body should be affirmed if it is neither arbitrary, capricious nor unreasonable and is supported by the record, we reject it entirely. Earl v. Johnson & Johnson, 158 N.J. 155, 161, 728 A.2d 820 (1999); R & R Marketing v. Brown-Forman 158 N.J. 170, 175, 729 A.2d 1 (1999); Dore v. Bedminster Twp. Bd. of Educ., 185 N.J.Super. 447, 453, 449 A.2d 547, (App. Div.1982); R. 2:11-3(e)(1)(D). To the extent that Radwan's argument challenges the sufficiency of the record, we reject it for the reasons set forth below.
We have noted that the hearing before the ALJ took almost three weeks to complete. One of the witnesses was Radwan's immediate supervisor, Drew Packard, who testified for three days. His direct testimony commenced on May 15, 1998 and fills slightly more than seventy pages of transcript. His cross-examination commenced that day, continued the entire day of May 18 and concluded on May 19. All of the proceedings before the ALJ were tape-recorded; unfortunately, when the transcript of the proceedings was prepared, it was discovered that one of the tapes of a portion of Packard's cross-examination on May 18 was blank.
Radwan's counsel sometime thereafter moved before the ALJ for a hearing to reconstruct that portion of the record. He argues that the denial of his request for such a hearing was error. We do not see any grounds to reverse. We have, on occasion, reviewed a "reconstructed" record when necessity required. State v. Kozarski, 143 N.J.Super. 12, 16, 362 A.2d 598 (1976). We have also recognized, however, that the existence of gaps in the record below do not automatically justify a reversal. "Where the transcripts of a defendant's trial are incomplete because they omit portions of the trial proceedings, such omissions do not mandate reversal unless the defendant demonstrates specific prejudice." State v. Paduani, 307 N.J.Super. 134, 142, 704 A.2d 582 (App.Div.1998), quoting State v. Bates, 84 Hawai'i 211, 933 P.2d 48, 54 (1997).
Here, Radwan can demonstrate no such prejudice. The findings and conclusions of the ALJ, adopted by the Commissioner of Education whose opinion was in turn adopted by the State Board of Education, recount a number of incidents which support Radwan's dismissal but do not rely on the testimony of Packard.
We turn to Radwan's final contention. During the course of Radwan's employment, he said he had injured his back and was undergoing a course of water therapy for treatment. Radwan maintained *251 that on several occasions when he was not present at work, he was receiving such therapy. To rebut that testimony, the Board presented the affidavit of Karen Lopez, who was employed at the facility at which Radwan received his therapy. Ms. Lopez's affidavit contradicted Radwan's testimony about the hours when such therapy was available.
The rules against the admission of hearsay evidence are considerably more relaxed in administrative proceedings than in court. Weston v. State, 60 N.J. 36, 50-52, 286 A.2d 43 (1972); DeBartolomeis v. Bd. of Review, 341 N.J.Super. 80, 83-85, 775 A.2d 87 (App.Div.2001); N.J.R.E. 101(a)(3); Biunno, Current N.J. Rules of Evidence, comment 3 on N.J.R.E. 101(a) at 14 (2001). N.J.A.C. 1:1-15.5. Nonetheless, we caution against the wholesale presentation of hearsay evidence. Again, however, as with the blank tape, we are satisfied that Radwan was not unfairly prejudiced. As with Mr. Packard, the ALJ did not rely on the evidence supplied through the Lopez affidavit to conclude that Radwan should be dismissed from his position as a tenured custodian. Although the ALJ referred in passing to the affidavit in the course of his opinion, the opinion is replete with a number of incidents that would justify Radwan's dismissal, including throwing a box of supplies down the stairs instead of carrying them, refusing to follow orders, and engaging in repeated altercations with co-workers and supervisors. The test we must apply is whether the Final Decision of the State Board of Education is supported by substantial credible evidence in the record. Murray v. State Health Benefits, 337 N.J.Super. 435, 442, 767 A.2d 509 (App.Div.2001) ("Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion.")
The Final Decision of the State Board of Education is affirmed.