**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2588-22

IN THE MATTER OF MINA
EKLADIOUS, JERSEY CITY,
DEPARTMENT OF PUBLIC
SAFETY.

_____

Argued March 5, 2024 – Decided July 2, 2024

Before Judges Smith and Perez Friscia.

On appeal from the New Jersey Civil Service Commission, Docket No. 2023-922.

Kyle J. Trent argued the cause for appellant (Apruzzese, McDermott, Mastro & Murphy P.C., attorneys; Arthur R. Thibault Jr., of counsel and on the briefs; Kyle J. Trent, on the briefs).

Adam W. Marshall argued the cause for respondent Mina Ekladious (Lebson & Prigoff, LLC, attorneys; Michael L. Prigoff on the brief).

Matthew J. Platkin, Attorney General, attorneys for respondent The New Jersey Civil Service Commission (Adam W. Marshall, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

After Jersey City removed firefighter Mina Ekladious for failing the fire academy physical examination, he appealed. An administrative law judge (ALJ) conducted a hearing and ordered Ekladious be reinstated and assigned to a different fire academy for retesting. The Civil Service Commission issued a final administrative decision (FAD) adopting the ALJ's findings of fact and conclusions of law. On appeal, Jersey City argues that the Commission issued its FAD in error because it was arbitrary and capricious. In the alternative, the city contends, for the first time before us, that the matter should be remanded to reconstruct the record, because a portion of the hearing transcript was lost. We affirm.

We summarize the following facts from the record. On September 9, 2019, the Jersey City Department of Public Safety conditionally hired Mina Ekladious. The job was conditioned upon successful completion of a firefighter training course at the Morris County Fire Academy. At the time the city hired him, Ekladious already had nine years' prior experience as a firefighter in Wellington, and he had earned a Firefighter I certification while working there.

A-2588-22

The Morris County Fire Academy is Jersey City's designated academy for training firefighter recruits, and it is considered a "Tier-1 organization."[1] Jersey City Fire Department Battalion Chief Joseph Vallo was chief of training at academy in the Fall of 2019, and Captain David Hamilton was the lead instructor for Ekladious's class.

The academy had several graduation requirements. Recruits were required to complete a five-part physical assessment consisting of: a fifteen-inch vertical jump; twenty-eight sit-ups within one minute; a 300-meter sprint within 70.1 seconds; a mile and one-half run in 15:55 minutes on a track or pavement; and twenty-four push-ups within one minute. Recruits who failed a component were given an opportunity to pass during a reassessment. If unable to successfully complete any component, a recruit would be dismissed from the training course.

---

[1] Training academies are grouped by a three-tier system that is detailed in N.J.A.C. 5:73-2.2. To qualify as Tier-1, an academy must adhere to the standards outlined in N.J.A.C. 5:73-2.2(c). When an academy is designated as Tier-1, it may establish additional local jurisdictional requirements. However, those requirements must not conflict with the intent of the training procedures adopted by the Office of Training and Certification, a branch within the Division of Fire Safety. N.J.A.C. 5:73-4.2(d)(5).

Ekladious testified Capt. Hamilton called him "fatty" at the academy, among other derogatory and insulting names. At the administrative hearing, Dominick Ciccarelli, a recruit in the same training class, testified based on his observations that Ekladious was treated poorly by the instructors. Ciccarelli further testified that many instructors made demeaning remarks to Ekladious about his weight.[2]

Academy trainers wrote up Ekladious for failing to properly shave, and they gave him a written warning for sleeping in class. Ekladious testified that he was clean shaven every day, and he denied sleeping in class. In addition, Ekladious scored well on the various fire related exercises, despite trainers not issuing him a protective uniform in his size.

Witnesses gave conflicting testimony about Ekladious's first physical assessment on October 18. His instructors failed him for four of the five assessments. Ekladious countered, testifying that he and a recruit who was assisting him counted four more sit-ups than required to pass—even though the instructor only gave him credit for twelve. Ekladious was also failed for the push-ups, even though he testified he did forty, while Capt. Hamilton advised

---

[2]  The hearing transcript omits Ciccarelli's testimony due to the lost audio recording of that part of the hearing.

the instructor to "give him a zero." Next, the record shows Ekladious failed the 300-meter sprint and the mile and a half run. Ekladious testified that he was improperly and unfairly timed in each of these tests.

On October 21, 2019 the city issued Ekladious a "Notice of Failure to Fully Participate," stating that he had failed to pass the physical assessment. He was instructed that his reassessment would be conducted on November 1, and that failure to pass would result in dismissal. On November 1, 2019, Ekladious took the reassessment test. Running in poor weather conditions, he allegedly failed the sprint test and was therefore barred from taking the mile run or push-up retests. On December 26, 2019 the city issued Ekladious a Final Notice of Disciplinary Action (FDNA), and it charged him with: conduct not becoming a Firefighter; incompetency and incapacity, mentally or physically; and not properly performing duty. Ekladious appealed, and the matter was transferred to the Office of Administrative Law as a contested case. An ALJ conducted a hearing in December 2021.

The ALJ issued an initial decision, making findings, including: Ekladious testified credibly regarding his own academy performance; the corroborating witness, fellow recruit Ciccarelli, was credible; and that Ekladious was treated improperly by the academy instructors. The ALJ also found that "the criticism

[of Ekladious] came primarily from the only person holding the stopwatch." Overall, the ALJ found the testimony of Ciccarelli and Ekladious "more credible" than the testimony of the city witnesses. The ALJ concluded that the city "failed to prove, by a preponderance of the credible evidence, that [Ekladious] failed academy's physical assessments," and dismissed the charges. The Commission issued an FAD adopting the initial decision. The Commission reinstated Ekladious' employment, ordered that he be re-enrolled at the next available firefighter class at a different academy, and granted him back pay, benefits, and seniority. The Commission denied the city' motion for reconsideration, concluding:

> [T]he Commission did not reverse Ekladious'[s] removal due to the Academy's 'meanness' or 'unfairness' as [the city] contends. Instead[,] the Commission reversed the removal because [the city] did not meet its burden to prove that the determination that Ekladious did not meet the Academy's physical assessment standards was reliably accurate based on the credible testimony in the record.

The city appealed.

Our scope of review of an administrative agency's final determination is limited. In re Herrmann, 192 N.J. 19, 27 (2007). "[A] strong presumption of reasonableness attaches" to the agency's decision. In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (quoting In re Vey, 272 N.J. Super. 199, 205 (App.

6

Div. 1993), aff'd, 135 N.J. 306 (1994)).  Additionally, we give "due regard to the opportunity of the one who heard the witnesses to judge . . . their credibility." In re Taylor, 158 N.J. 644, 656 (1999) (quoting Close v. Kordulak Bros., 44 N.J. 589, 599 (1965)).

The burden is on the appealing party to demonstrate grounds for reversal. In re State & Sch. Emps.' Health Benefits Comm'ns' Implementation of Yucht, 233 N.J. 267, 285 (2018); see also Bowden v. Bayside Prison, 268 N.J. Super. 301, 304 (App. Div. 1993) (holding that "[t]he burden of showing the agency's action was arbitrary, unreasonable[,] or capricious rests upon the appellant").

Using the arbitrary and capricious standard, our scope of review is guided by three inquiries:  (1) whether the agency's decision conforms with relevant law; (2) whether the decision is supported by substantial credible evidence in the record; and (3) whether in applying the law to the facts, the agency clearly erred in reaching a result that was either arbitrary, capricious or unreasonable. In re Stallworth, 208 N.J. 182, 194 (2011) (quoting In re Carter, 191 N.J. 474, 482-83 (2007)).  When an agency decision satisfies these criteria, we accord substantial deference to the agency's fact-findings and legal conclusions, being mindful of the agency's "expertise and superior knowledge of a particular field."

Circus Liquors, Inc., v. Middletown Twp., 199 N.J. 1, 10 (2009) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)).

The city argues that the Commissioner's FAD was arbitrary, capricious, and unreasonable. As part of that argument, the city posits they met their burden of proof to show that Ekladious failed to complete the academy's training requirements.

In an appeal from a disciplinary action or ruling by an appointing authority, the appointing authority bears the burden of proof to show, by a preponderance of the evidence, that the action taken was appropriate. N.J.S.A. 11A:2-21; N.J.A.C. 4A:2-1.4(a); In re Polk, 90 N.J. 550, 560 (1982). Here, Jersey City fired Ekladious based on the Morris County Fire Academy's failure to pass him on its physical assessment. Ekladious's performance was a disputed material fact that was resolved by conflicting testimony. The Commission resolved the parties' factual dispute about Ekladious' test performances when it found Ekladious and Ciccarelli more credible than the academy instructors. We defer to the Commission's credibility findings. See Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 587 (1988) ("As a general rule, the reviewing court should give 'due regard to the opportunity of the one who heard the witnesses to judge of their credibility.'"). It follows that where the Commission's FAD was based

on its credibility findings and its conclusion that the city didn't prove Ekladious failed the tests, its FAD was not arbitrary, capricious, or unreasonable.

We briefly comment upon the city's argument that we should remand the matter to the OAL to reopen and reconstruct the record to address the missing transcript testimony of Ciccarelli. We are not persuaded.

"We have, on occasion, reviewed a 'reconstructed' record when necessity required." Carteret Bd. of Educ. v. Radwan, 347 N.J. Super. 451, 454 (App. Div. 2002) (quoting State v. Kozarski, 143 N.J. Super. 12, 16, (1976)). However, "existence of gaps in the record below do not automatically justify a reversal." Ibid. For example, "[w]here the transcripts of a . . . trial are incomplete because they omit portions of the trial proceedings, such omissions do not mandate reversal unless the [party] demonstrates specific prejudice." Ibid.

The city has not shown how the absence of Ciccarelli's testimony from the hearing transcript prejudiced the result. Indeed, Ciccarelli's testimony was summarized in the initial decision by the ALJ, which was adopted by the Commission in its FAD.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2588-22