963 A.2d 884 (2009)
405 N.J. Super. 163
STATE of New Jersey, Plaintiff-Respondent,
v.
Alshamoon THOMPSON, Defendant-Appellant.
No. A-2748-06T4.
Superior Court of New Jersey, Appellate Division.
Submitted December 10, 2008.
Decided February 6, 2009.
*885 Yvonne Smith Segars, Public Defender, attorney for appellant (Michael Confusione, Designated Counsel, on the brief).
Paula T. Dow, Essex County Prosecutor, attorney for respondent (LeeAnn Cunningham, Assistant Prosecutor, of counsel and on the brief).
Before Judges CUFF, C.L. MINIMAN and KING.
The opinion of the court was delivered by
C.L. MINIMAN, J.A.D.
Defendant Alshamoon Thompson appeals from the denial of his first petition for post-conviction relief (PCR) in connection with his 1997 convictions for first-degree murder, first-degree attempted murder, second-degree aggravated assault, third-degree unlawful possession of a handgun, possession of a handgun for an unlawful purpose, and possession of a silencer. Defendant's aggregate sentence is life in prison plus twenty-five years with a forty-year period of parole ineligibility. We affirmed his conviction and sentence on June 23, 1999. State v. Thompson, No. A-406-97 (App. Div. June 23, 1999), certif. denied, 162 N.J. 199, 743 A.2d 851 (1999).
Defendant filed his PCR petition on July 31, 2000, alleging ineffective assistance of trial and appellate counsel and various errors by the trial judge. Specifically, defendant raised the following issues in his verified petition:
POINT ITHE DEFENDANT-PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL [SIC] FAILURE TO REQUEST EXPERT TESTIMONY CONTRARY TO THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART. I, PARA. 10 OF THE NEW JERSEY CONSTITUTION.
POINT IITHE LOWER COURT ERRED; (a) DENYING REQUEST FOR MISTRIAL; (b) FAIL [SIC] TO VIRE [SIC] DIRE [SIC] THE JURY, CONCERNING THE STATE WITNESS TIM WRIGHT, KNOWLEDGE OF NORTHERN STATE PRISON, AND KNOWLEDGE OF DEFENDANT DENIED OF THE RIGHT TO DUE PROCESS OF LAW AND THE RIGHT TO A FAIR TRIAL BY AN IMPARTIAL JURY U.S. CONST. *886 AMENDS. V, VI, XIV; N.J. CONST. (1947) ART. I, PARS. 1, 9, 10.
POINT IIITHE DEFENDANT-PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL CONTRARY TO THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART. I, PARA. 10 OF THE NEW JERSEY CONSTITUTION.
POINT IVTHE ACCUMULATION OF ERRORS DEMAND THAT THE DEFENDANT-PETITIONER BE RETRIED. U.S. CONST. AMENDS. V, VI, XIV; N.J. CONST. (1947) ART. I, PARS. 1, 9, 10.
Although counsel was assigned to represent defendant, the attorney did not file a PCR brief on his behalf until June 2006 and never consulted with him. In that brief, she raised the following issues:
POINT IPETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL
THE ROOTS OF THE RIGHT TO EFFECTIVE COUNSEL AND THE APPLICABLE STANDARD OF REVIEW
a. The Standards Set Forth In Cronic And Strickland
b. Counsel's Responsibility To The Accused
c. Preparedness Of Counsel Is The Linchpin
i. Consultations With The Accused
ii. Legal Research
POINT IIPETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL
POINT IIIPETITIONER IS ENTITLED TO AN EVIDENTIARY HEARING TO ESTABLISH HE RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL
Defendant's application was argued and denied on June 26, 2006, without a plenary hearing. On July 13, 2006, defendant sought reconsideration of this denial. In a supporting brief, defendant raised the following issues:
POINT ISTATE MISIDENTIFICATION OF A BLOOD TEST CONDUCTED ON THE STATE'S CHIEF WITNESSES RESULTED IN PLAIN ERROR IN VIOLATION OF N.J.S.A. [SIC] ART. 1 PAR. 10 & THE DUE PROCESS CLAUSE THAT IS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENT [SIC] OF THE UNITED STATES CONSTITUTION.
POINT IIDEFENDANT SHOULD BE GRANTED A NEW TRIAL BASED ON THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF ART. 1 PAR. 10 OF THE NEW JERSEY CONSTITUTION; IN ADDITION TO THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
A. Trial counsel failed to object to the state's incorrect identification of a critical scientific test, and obtain his own expert witness.
B. Trial counsel failed to request a mistrial after the state clearly withheld evidence on two separate occasion[s].
B-1. The statements [verbal] by Kenya Johns to the prosecutor prior to trial that she didn't use illegal drugs.
B-2. The telephone records of Kenya Johns.
C. Trial counsel failed to object to the in-court and out of court identification of Kenya Johns and Timothy Wright and the suggestive nature of their identification.

*887 POINT IIITHE DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL ON DIRECT APPEAL AS WELL AS ON POST-CONVICTION RELIEF IN VILATION [SIC] OF N.J. CONST. ART. I PAR. 10 AS WELL AS UNITED STATES CONSTITUTION AMENDMENT 6.
A. DIRECT APPEAL COUNSEL.
B. POST-CONVICTION COUNSEL.
This application, too, was denied on November 9, 2006. This appeal followed on January 18, 2007. Defendant argues that we should remand the matter for a fresh evidentiary hearing on his claims of ineffective assistance of counsel.
On August 7, 2007, Deborah Menzel, Supervisor of Court Reporters, certified with respect to the June 26, 2006, and November 9, 2006,[1] hearings that transcriptions could not be made because the proceedings were not listed on "CourtSmart" and no tapes had been turned in to the Transcript Unit. Accordingly, we remanded the matter to the PCR judge on August 27, 2007, for reconstruction of the record pursuant to Rule 2:5-3(f) within sixty days of our order. The PCR judge did not comply with our deadline, reconstructing the record on March 10, 2008. When he did so, he proceeded ex parte after receiving copies of the notes made by both attorneys. He briefly discussed the evidence on which defendant's conviction was based and then addressed the PCR application as follows:
For [defendant] to suggest as the gravamen of the ... ineffectiveness of counsel, because of the attempt undoubtedly through [defendant] to his attorney to establish that [the surviving victim] had a criminal record, a drug related, that she was on drugs and could not make an identification, frankly affects ones common sense.
As the [c]ourt indicated from its notes at the hearing in the presence of ... the defendant, the [c]ourt would not allow the criminal record of the victim, but did allow the attorney to question whether or not she was under the influence of drugs at the time of the crime.
The fact that it was not pursued further by counsel and did not retain an expert, is certainly not grounds under those compelling uncontroverted facts in the case to cause a new trial with this defendant.
The [c]ourt recollects clearly, notwithstanding the passage of years, the identification and the chilling testimony of [the surviving victim]. And if she were under the influence of drugs at that time, just using common sense, she was clearly able to make identifications of the salient facts of the case.
Under the Strickland standard, the [c]ourt rejected [defendant]'s petition.... [Defendant] testified that [the surviving victim] did not know him prior to the incident and, therefore, ... she was drug related and couldn't identify him is ridiculous. She clearly knew him prior to the incident. And there's no expert that the [c]ourt could imagine who could render a favorable opinion in support ... of the defendant's position with regard to the identification of [the surviving victim].
The counsel for the hearing stated that an expert was retained to examine the medical records of [the surviving victim], and the expert could not render *888 a favorable opinion. As far as the [c]ourt is concerned, that should be dispositive of the decision. That is the end of the reconstruction. Thank you.
The procedure employed by the judge to reconstruct the record did not comply with Rule 2:5-3(f), which provides:
If no verbatim record was made of the proceedings before the court ... from which the appeal is taken, the appellant shall, within 14 days of the filing of the notice of appeal, serve on the respondent a statement of the evidence and proceedings prepared from the best available source, including the appellant's recollection. The respondent may, within 14 days after such service, serve upon the appellant any objections or proposed amendments thereto. The appellant shall thereupon forthwith file the statement and any objections or proposed amendments with the court ... from which the appeal is taken for settlement and within 14 days after the filing of the same the court ... shall settle the statement of the proceedings and file it with the clerk thereof, who shall promptly provide the parties with a copy. If a verbatim record made of the proceedings has been lost, destroyed or is otherwise unavailable, the court of agency from which the appeal was taken shall supervise the reconstruction of the record. The reconstruction may be in the form of a statement of proceedings in lieu of a transcript.
We have explained that "it becomes the duty of the trial court as a matter of due process entitlement of the parties to reconstruct the record in a manner that, considering the actual circumstances, provides reasonable assurances of accuracy and completeness." State v. Izaguirre, 272 N.J.Super. 51, 57, 639 A.2d 343 (App.Div.) (citation omitted) (emphasis added), certif. denied, 137 N.J. 167, 644 A.2d 615 (1994). In Izaguirre, we found:
The procedure so thoughtfully crafted and implemented by Judge Wecker was manifestly designed to achieve that goal. The extensive participation of Ms. Rubin and Mr. Clash was fully in keeping with their obligations as officers of the court as well as trial advocates. The reconstructed record before us, as the product of the three participants' substantial effort and meticulous attention, bears every earmark of one that is as accurate and complete as circumstances permitted. In the absence of any argument that the reconstruction or any portion of it is not a reasonably accurate and complete portrayal of what occurred at trial, we conclude that the due process interests of the parties have been satisfied.
[Ibid.]
We have also explained that from the use of the term "supervise" in Rule 2:5-3(f), "it is apparent that the role of the trial judge is to oversee or superintend the work of others. It is a participatory process which involves the court and counsel. It is not the sole responsibility of the trial judge to reconstruct the lost record." State v. Casimono, 298 N.J.Super. 22, 25, 688 A.2d 1093 (App.Div.1997), certif. denied, 154 N.J. 609, 713 A.2d 500 (1998). "At a minimum ..., the prosecutor and defense counsel must participate, the defendant must have an opportunity to attend the proceeding designed to resolve any differences, and the trial judge must settle the record on notice to all participants." Id. at 26, 688 A.2d 1093; see also State v. Bishop, 350 N.J.Super. 335, 347-48, 795 A.2d 297 (App.Div.), certif. denied, 174 N.J. 192, 803 A.2d 1164 (2002).
Here, the attorneys and judge did not comply with Rule 2:5-3(f). Counsel for defendant did not prepare a "statement of the evidence and proceedings." Ibid. *889 As a consequence, the prosecutor could not "serve upon the appellant any objections or proposed amendments" to the appellant's statement. Ibid. The judge relied exclusively on counsels' notes, which were wholly insufficient because, generally, attorneys do not take notes of the statements they make in open court. Furthermore, the judge failed to comply with Casimono when he proceeded ex parte. Lastly, the judge's reconstruction of his own ruling is wholly inadequate when his decision is compared to the various issues raised by defendant and his counsel on the applications for PCR and for reconsideration. Cf. Izaguirre, supra, 272 N.J.Super. at 57, 639 A.2d 343.
One issue that the judge addressed briefly is defendant's claim that his trial counsel was ineffective because the surviving victim was found by the hospital to have barbiturates, benzodiazepines, and opiates in her blood at the time of admission.[2] Defendant contends that his trial counsel should have called Dominick J. DiMaio, M.D., F.C.A.P., Consultant Forensic Medicine & Pathology, 170 Henry Street, Brooklyn Heights, New York, as an expert to testify to the extent of the surviving victim's drug intoxication at the time of the crime. Such evidence might well have had a significant impact on the reliability of the surviving victim's identification of defendant as the perpetrator, which the State conceded at trial.
At the time of trial, the prosecutor successfully sought to preclude evidence respecting the presence of the drugs found in the surviving victim and argued that the drugs were found in her urine, which toxicologists allegedly do not consider reliable for predicting intoxication at an earlier time, unlike blood. The hospital records, however, indicate that the drugs were found in the surviving victim's blood. Defendant asserts that his counsel was ineffective in failing to bring this important distinction to the attention of the court and in failing to subpoena the hospital records.
In Strickland v. Washington, 466 U.S. 668, 684-85, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674, 691-92 (1984), the United States Supreme Court explained the constitutional guarantee of effective assistance of counsel for every criminal defendant embodied in the Sixth Amendment. A two-prong analysis is required when evaluating a claim of ineffective assistance of counsel. Id. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. To prevail, the defendant must first demonstrate that trial counsel committed serious professional errors. Ibid. Second, defendant must demonstrate that the professional errors prejudiced the defendant to the extent that he was deprived of a fair trial. Ibid. Our Supreme Court has adopted the standards embodied in Strickland. State v. Fritz, 105 N.J. 42, 57-58, 519 A.2d 336 (1987).
"`Judicial scrutiny of counsel's performance must be highly deferential,' and must avoid viewing the performance under the `distorting effects of hindsight.'" State v. Norman, 151 N.J. 5, 37, 697 A.2d 511 (1997) (quoting Strickland, supra, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694). Moreover, there is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, supra, 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695. Adequate assistance of counsel should be measured by a "reasonable competence" standard. Fritz, supra, 105 N.J. *890 at 60-61, 519 A.2d 336. That standard does not require "the best of attorneys," but rather that attorneys not be "so ineffective as to make the idea of a fair trial meaningless." State v. Davis, 116 N.J. 341, 351, 561 A.2d 1082 (1989).
Applying those standards here, we are satisfied that defendant made out a prima facie case of ineffective assistance of counsel sufficient to require that an evidentiary hearing be conducted to explore defendant's claim. The PCR judge summarily concluded that counsel's failure to pursue inquiry into the surviving victim's drug use on the day of the murder and to retain an expert with respect thereto was "certainly not grounds under those compelling uncontroverted facts in the case to cause a new trial with this defendant." Yet, the facts were "uncontroverted" because counsel failed to make such an inquiry and retain an expert. The PCR judge's "common sense" conclusion that the surviving victim could not have been under the influence of drugs at the time of the murder because "she was clearly able to make identifications of the salient facts of the case" is insupportable. Thus, a hearing is required. Because the PCR judge seems committed to the outcome of the trial based on his comments in reconstructing the record, the matter should be assigned to another judge on remand. R. 1:12-1(d).
In ordering an evidentiary hearing in this matter, we do not restrict that hearing to the one issue that we have just discussed. Rather, all of defendant's claims of ineffective assistance of trial and appellate counsel are to be thoroughly explored at such a hearing. The Public Defender is to retain a forensic expert to review the hospital records and opine at the very least on the level of drugs present in the surviving victim's blood at the time of the murder and the effect of those drugs on the victim's ability to identify the perpetrator and relate the circumstances of the offense. Once that report has been obtained and served on the prosecutor, the parties are to confer with the PCR judge and schedule the hearing. At the conclusion of the hearing, the judge is to make specific fact findings as required by Rule 1:7-4(a) and state his or her conclusions of law. Anything less is a "disservice to the litigants, the attorneys, and the appellate court." Curtis v. Finneran, 83 N.J. 563, 569-70, 417 A.2d 15 (1980) (quotations omitted) ("Naked conclusions do not satisfy the purpose of R. 1:7-4.").
Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] The certification mistakenly refers to a hearing on "9-8-2006," but the Transcript Order Form clearly requests a transcript of the November 9, 2006, reconsideration hearing. We assume that the certification is erroneous.
[2] In all, defendant raised nineteen discrete issues allegedly constituting ineffective assistance of his counsel.