**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2097-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TIM MCGEACHY, a/k/a
TIMOTHY MCGEACHY,

     Defendant-Appellant.

_____

Submitted February 25, 2019 – Decided March 7, 2019

Before Judges Sabatino and Haas.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 10-06-1064.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew P. Slowinksi, Designated Counsel, on the briefs).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, on the brief).

PER CURIAM

After a jury convicted defendant Tim McGeachy of second-degree reckless manslaughter (count one) and fourth-degree burglary (count five), a judge sentenced him to an extended twenty-year term on count one, subject to the 85% parole ineligibility provisions of the No Early Release Act, N.J.S.A. 2C:43-7.2, and to a consecutive eighteen-month term on count five. State v. McGeachy, Docket No. A-0454-13 (App. Div. Mar. 1, 2016) (slip op. at 1-2), certif. denied, 226 N.J. 213 (2016). On direct appeal, we affirmed defendant's conviction, but remanded to enable the "trial court to again consider its sequencing of the consecutive sentences in light of State v. Ellis, 346 N.J. Super. 583, 597 (App. Div.), aff'd, 174 N.J. 535 (2002)."[1]

Defendant now appeals from the December 8, 2017 Law Division order denying his petition for post-conviction relief (PCR). We are constrained to reverse and remand because the trial court did not address all of the contentions defendant raised in his petition, make adequate findings of fact and conclusions of law in connection with its rulings, or conduct an evidentiary hearing.

---

[1] On remand, the trial court imposed the same sentence, and defendant appealed. We heard the appeal on our Excessive Sentence Oral Argument calendar pursuant to Rule 2:9-11, and affirmed defendant's sentence. State v. McGeachy, Docket No. A-1602-16 (App. Div. May 3, 2017).

The parties are fully familiar with the facts the developed at trial, which are set forth at length in our decision on direct appeal. McGeachy, slip op. at 4-12. Therefore, we need only briefly summarize the most salient facts here.

The State's witnesses testified that defendant beat up the victim, J.S., after the victim allegedly stole cell phones that had been delivered to defendant's former home. Id. at 6-8. They stated that defendant "'pound[ed]' the victim, hit him in the face and chest, knocked him to the ground, and continued to strike him after he lay bleeding and unconscious on the ground." Id. at 16 (alteration in original). J.S. was admitted to the hospital, where his progress notes indicated he had suffered an orbital fracture. Id. at 8. "[I]t was [also] noted that J.S. had human immunodeficiency virus (HIV) and very little ability to fight infection." Id. at 9.

J.S. remained in the hospital for approximately thirty days. Id. at 9-10. Testing revealed that "J.S. did not suffer a major brain injury and did not receive neurosurgical intervention." Ibid. However, J.S. "developed a sepsis infection" about a week after his admission to the hospital, "went into septic shock" fifteen days later, and died ten days after that. Id. at 10.

The victim's "treating doctors certified his death as being from natural causes, including a sepsis infection and acquired immune deficiency syndrome

3

(AIDS)." Ibid. They saw no need to refer the matter to the medical examiner, and released the body to a funeral home where it was embalmed. Ibid. Shortly thereafter, the prosecutor's officer "arranged for the body to be transferred to the medical examiner's office" and John Stash, M.D., a forensic pathologist, performed an autopsy. Ibid.

After being qualified at trial as an expert in forensic pathology, Dr. Stash "concluded that the cause of death was complications of blunt force head trauma, with HIV as a contributing factor. Dr. Stash determined that the manner of death was homicide." Ibid.

The issue of causation was "an essential element of the offense of reckless manslaughter[.]" Id. at 14. However, defense counsel[2] did not present any expert testimony at trial to rebut Dr. Stash's medical opinions. About a year before the trial began, counsel retained a medical expert, who reviewed Dr. Stash's report, and prepared a report of his own challenging Dr. Stash's conclusions. However, this expert also prepared an earlier report which contradicted his own findings and, because the State could readily attack his

_____

[2] At various times throughout the trial court proceedings, defendant was represented by four different attorneys. Because we have no reason to distinguish among the attorneys involved, we do not.

credibility at trial, defense counsel determined he could no longer rely upon the expert. Nothing in the trial record indicates that defense counsel thereafter sought to retain a new expert during the year that followed. In addition, counsel did not attempt to call the victim's treating physicians at trial, even though they both reported that the victim's death was the result of natural causes, rather than blunt force trauma, and he did not introduce any of the victim's medical records in evidence.

Defendant submitted two certifications in support of his petition for PCR, together with a brief prepared by his PCR counsel, along with numerous supporting exhibits. Defendant's primary argument was that trial counsel provided ineffective assistance because he failed to call a medical expert on his behalf.[3] However, he also raised nine additional arguments in support of his request for PCR. Specifically, defendant argued that defense counsel provided ineffective assistance by failing to: (1) investigate the out-of-court identification procedures the police used to identify him as the person who beat the victim; (2) investigate witnesses who could support the defense at trial,

---

[3] Defendant raised a similar contention in his pro se supplemental brief he filed in his direct appeal. Id. at 3-4. We concluded that this claim "rest[ed] upon evidence outside the record" and, therefore, was "not ripe for direct review." Id. at 25.

A-2097-17T4

including the victim's treating physicians, an individual who identified someone else as a suspect, and several alleged alibi witnesses; (3) challenge "photographic blood evidence"; (4) seek to have the trial judge recused for reasons set forth in the certifications; (5) obtain a sequestration order when it became clear that the State was going to call the victim's sister, who was present in the courtroom during the trial, as a witness; (6) visit the crime scene to seek witnesses and other evidence; and (7) challenge the State's motion to sentence him as a persistent offender to an extended term. Defendant also argued that (8) his attorney improperly conceded that the victim suffered a bone fracture near his eye, and (9) his sentence on the remand was illegal on double jeopardy grounds.

Defendant also presented three arguments concerning his appellate attorney. He alleged that this attorney provided ineffective assistance by failing to: (1) correct an inaccurate statement in the appellate brief concerning why defendant went to the victim's apartment; (2) consult with defendant regarding the factual and legal arguments to be raised on appeal; and (3) file a reply brief to address any of the State's contentions.[4]

---

[4] Defendant attempted to file an overlength pro se reply brief, but we denied his motion to do so.

A-2097-17T4

In a short written opinion, the trial court denied defendant's petition without conducting an evidentiary hearing.[5] Only one paragraph of the decision addresses defendant's arguments concerning his attorney's performance at trial. The court stated:

> In the present case, [defendant] argues that his counsel's performance was clearly deficient because counsel failed to do the following: 1) properly review the case; 2) perform adequate investigation; 3) pursue witnesses that could have provided exculpatory testimony[;] and 4) trial counsel's failure to call a medical expert on behalf of the defendant. [Defendant] makes these claims absent any evidentiary support. [Defendant] neither provides the names of any of the alleged witnesses that could have provided exculpatory testimony, nor does he shed light as to what the alleged exculpatory testimony was. Additionally, the [S]tate provided a medical expert that provided expert testimony regarding the medically relevant facts of the case. [Defendant] has failed to articulate any different testimony a medical expert provided by the defense would have provided. [Defendant] has failed to assert any specific facts that would satisfy the Strickland[6] test. In light of this failure, the court must presume that counsel's performance was within the range of reasonable professional assistance, as the holding in Strickland requires. Therefore, [defendant] is unable to establish the requirement of the first prong: deficient performance.

---

[5] The decision incorrectly states that defendant "allege[d] that he [w]as provided ineffective assistance of plea counsel." (Emphasis added).

[6] Strickland v. Washington, 466 U.S. 668 (1984).

A-2097-17T4

The court also rejected defendant's claim that his appellate attorney provided him with ineffective assistance. However, the court mistakenly addressed an argument that defendant did not make, rather than the ones he did. The court stated that defendant asserted his appellate counsel was ineffective because he "fail[ed] to file his pro se [merits] brief." The court concluded that "this claim [was] false" because we noted in our opinion on direct appeal that defendant had filed a supplemental merits brief. However, defendant's argument was that his attorney should have filed a <u>reply</u> brief of his own to rebut the State's contentions. Thus, the court did not address any of the arguments defendant raised in his petition concerning his appellate counsel.

The court determined not to conduct an evidentiary hearing, stating only that defendant "ha[d] not shown any credible evidence to support his claim." This appeal followed.

On appeal, defendant raises the following contentions:

> <u>POINT I</u>
>
> THE PCR COURT SHOULD HAVE HELD THAT DEFENDANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED BY HIS TRIAL COUNSEL'S FAILURE TO INVESTIGATE AND PREPARE ADEQUATELY FOR TRIAL, PRESENT NECESSARY EXPERT MEDICAL TESTIMONY, AND OTHERWISE

8

PROVIDE A COMPETENT DEFENSE. (U.S. CONST. AMEND. VI; N.J. CONST. ART. I, ¶ 10).

(a)    Defendant Was Entitled to Relief Under Controlling Legal Principles Governing Petitions for [PCR] Pursuant to R. 3:22-2 et seq.

(b)    Trial Counsel Provided Ineffective Assistance by Failing to Present a Medical Expert Witness to Testify that the Decedent Died of Natural Causes as Determined by His Treating Physicians.

(c)    Trial Counsel Provided Ineffective Assistance by Failing to Call an Appropriate Witness to Admit the Victim's Medical Records Demonstrating that His Death Was Due to Natural Causes. (Not Raised Below).

(d)    Trial Counsel Provided Ineffective Assistance by Failing to Investigate and Present Testimony of Witnesses Who Could Have Provided Exculpatory Evidence.

POINT II

THE PCR COURT FAILED TO ADDRESS OR ACKNOWLEDGE MANY OF THE ARGUMENTS PRESENTED BY DEFENDANT IN SUPPORT OF HIS PETITION, VIOLATING DEFENDANT'S RIGHT TO DUE PROCESS AND THE REQUIREMENTS OF RULE 3:22-11 AND RULE 1:7-4(a).

POINT III

THE PCR COURT SHOULD HAVE HELD THAT DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING AT WHICH THE

9

MEDICAL AND LAY WITNESSES DEFENSE COUNSEL FAILED TO CALL AT TRIAL COULD HAVE BEEN PRESENTED.

POINT IV

THE PCR COURT SHOULD HAVE HELD THAT DEFENDANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL (U.S. CONST. AMEND. VI; N.J. CONST. ART. I, ¶ 10).

We begin by summarizing the trial court's obligations in resolving petitions for PCR. When petitioning for PCR, the defendant must establish "by a preponderance of the credible evidence" that he or she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland, 466 U.S. at 687.

When deciding a petition for PCR, the court must "make specific fact findings as required by Rule 1:7-4(a) and state [its] conclusions of law" on each of the defendant's contentions. State v. Thompson, 405 N.J. Super. 163, 172 (2009); see also Rule 3:22-11 (requiring a court to "state separately its findings of fact and conclusions of law" when making a final determination of a PCR

petition).  "Anything less is a 'disservice to the litigants, the attorneys, and the appellate court.'" Thompson, 405 N.J. Super. at 172 (quoting Curtis v. Finneran, 83 N.J. 563, 569-70 (1980)).

Thus, PCR petitions "cannot be disposed of out of hand." State v. Odom, 113 N.J. Super. 186, 189 (App. Div. 1971).  While the court need not author a lengthy written opinion, or deliver an hour-long oral ruling to meet the requirements of Rule 1:7-4(a) in every case, it must always state what specific facts formed the basis of the decision, and then weigh and evaluate those facts in light of the governing law "to reach whatever conclusion may logically flow from" those facts.  Slutsky v. Slutsky, 451 N.J. Super. 332, 357 (App. Div. 2017).  Because justice requires no less, "[a]ll conclusions must be supported." Ibid.

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing, and the defendant "must do more than make bald assertions that he [or she] was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).  However, an evidentiary hearing should be conducted where the defendant has established a prima facie showing in support of the requested relief.  Preciose, 129 N.J. at 462.

11

When determining whether to grant an evidentiary hearing, the trial court must consider the facts in the light most favorable to the defendant. Id. at 462-63. "If there are disputed issues as to material facts regarding entitlement to post-conviction relief, a hearing should be conducted." State v. Russo, 333 N.J. Super. 119, 138 (App. Div. 2000). We review a trial court's decision to grant or deny a defendant's request for a hearing under an abuse of discretion standard. Id. at 140.

Applying these principles, we conclude that the trial court failed to address all of defendant's arguments in support of his petition for PCR, or to make adequate findings of fact and conclusions of law concerning the contentions it did consider. The court also mistakenly exercised its discretion by denying defendant's request for an evidentiary hearing.

Defendant raised nine separate arguments in support of his claim that his trial attorney provided him with ineffective assistance, and an additional contention that his resentence on the burglary charge was illegal. He also presented three grounds supporting his assertion that his appellate counsel on direct appeal was ineffective. However, the court only briefly mentioned four of the arguments concerning the trial attorney, and none of the assertions

defendant raised about his appellate counsel. Therefore, a remand is required so that all of defendant's contentions can be considered.

In the two conclusory sentences in its opinion that addressed three of defendant's arguments, the court stated that defendant failed to demonstrate that his attorney failed to properly review the case, perform an adequate investigation, or pursue witness who might have provided exculpatory testimony. In support of this blanket conclusion, the court merely stated that the claims lacked evidentiary support, apparently because defendant "provide[d] neither the names of any of the alleged witnesses that could have provided exculpatory testimony, nor d[id] he shed light as to what the alleged exculpatory testimony was."

In his petitions and supporting documentation, however, defendant provided the names of the victim's treating physicians, who contradicted the medical examiner's views as to the cause of the victim's death; the name of an individual who stated defendant was not the perpetrator; and the names of several other individuals, who he asserted would supply him with an alibi. Therefore, the record does not support the court's findings concerning these three issues.

The court next rejected defendant's argument that his attorney should have retained a new expert to challenge the medical examiner's conclusions. The court reasoned that a defense expert was not necessary because the State provided an expert of its own to supply "the medically relevant facts of the case." We disagree.

In Thompson, the defendant asserted that his trial attorney was ineffective because he failed to retain an expert to rebut the testimony of the State's expert witness. 405 N.J. Super. at 167. As in this case, the trial court "summarily concluded" that counsel's failure to retain an expert did not meet the Strickland test because there was "'compelling uncontroverted facts in the case'" to support the State's position on the scientific issues involved in the case. Id. at 171-72. However, we observed that "the facts were 'uncontroverted' because [defense] counsel failed to make such an inquiry and retain an expert" to rebut the State's expert proofs. Id. at 172. Therefore, we held that an evidentiary hearing was needed to determine why defense counsel failed to secure an expert to assist defendant at trial. Ibid.

Under these circumstances, we conclude that an evidentiary hearing was clearly required in this case to address the issue of defense counsel's failure to retain a new expert. The question of causation of the victim's death was the

14

critical issue to be resolved at trial. Defense counsel obviously knew it was important to attempt to contradict the opinions expressed by the medical examiner, and retained an expert to do so. When the expert's credibility was called into question, the attorney determined that the expert could not be used at trial. In the year that followed, however, defense counsel seems to have taken no steps to secure a new expert, even though there were at least two treating physicians who had expressed a different view on the issue of causation, thus indicating that retaining a replacement was not an impossible task.[7] Viewing these facts in the light most favorable to defendant, they presented a creditable prima facie case of ineffective assistance and, therefore, the court should have conducted an evidentiary hearing.

Because all of defendant's contentions must be reviewed anew on the remand, we do not limit the hearing to the issue concerning the medical expert. Rather, the trial court should conduct a hearing, review all of defendant's claims, and render a new decision, supported by specific findings of fact and conclusions of law concerning each one.

---

[7] While there may have been strategic reasons to justify counsel's approach, an evidentiary hearing, including the testimony of defendant's former counsel if feasible, was required to develop a fuller record on that issue.

In remanding this matter, we make clear that nothing within this opinion forecasts any views on the merits of any of defendant's arguments nor on the question of whether his trial or appellate attorneys provided him with ineffective assistance under the <u>Strickland</u> test. We say no more than that because the trial court failed to address all of defendant's contentions, provide adequate findings of fact and conclusions of law, or conduct an evidentiary hearing, the issues presented are not ripe for appellate review.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION