# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0540-20

IN THE MATTER OF THE
EXPUNGEMENT OF THE
CRIMINAL RECORDS
OF R.B.C., a/k/a K.L., and R.C.

_____

Argued January 27, 2022 – Decided February 3, 2022

Before Judges Alvarez, Haas and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. 65008.

Danielle M. Hughes argued the cause for appellant R.B.C. (Katherine N. O'Brien Law, attorneys; Katherine N. O'Brien and Danielle M. Hughes, on the briefs).

Peter Crawford, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent State of New Jersey (Grace C. MacAulay, Acting Camden County Prosecutor, attorney; Peter Crawford, of counsel and on the brief).

PER CURIAM

Petitioner R.B.C. appeals from the portion of the Law Division's October 2, 2020 order denying his petition for expungement of all records related to his

six convictions for municipal ordinance violations. Because the trial court did not make adequate findings of fact and conclusions of law in connection with this ruling, we vacate this portion of the order and remand for further proceedings consistent with this opinion.

We begin by summarizing a trial court's obligations to apprise the parties of the grounds for its decisions. In addition to entering a written order at the conclusion of a matter, "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury, [and] on every motion decided by a written order that is appealable as of right . . . ." R. 1:7-4(a); see also State v. Thompson, 405 N.J. Super. 163, 172 (App. Div. 2009) (holding "[a]t the conclusion of the hearing, the [court] is to make specific fact findings as required by Rule 1:7-4(a) and state [its] conclusions of law.").

While a court may not need to issue a lengthy written opinion or deliver an hour-long oral ruling to meet this requirement in every case, the court must always state what facts formed the basis of its decision, and then weigh and evaluate those facts in light of the governing law "to reach whatever conclusion may logically flow from" those facts. Slutsky v. Slutsky, 451 N.J. Super. 332, 357 (App. Div. 2017). Because justice requires no less, "[a]ll conclusions must

A-0540-20

be supported." Ibid. "Anything less is a 'disservice to the litigants, the attorneys, and the appellate court.'" Thompson, 405 N.J. Super. at 172 (quoting Curtis v. Finneran, 83 N.J. 563, 570 (1980)).

In sum, "[m]eaningful appellate review is inhibited unless the [trial court] sets forth the reasons for [its] opinion." Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008) (quoting Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990)). Unfortunately, the trial court's ruling in this case did not satisfy these requirements.

Petitioner completed a term of special probation in the New Jersey Drug Court Program[1] on February 23, 2016. N.J.S.A. 2C:35-14(m)(5) permits a Drug Court graduate to "seek an expungement of all records and information relating to all arrests, detentions, convictions, and proceedings for any offense enumerated in Title 2C of the New Jersey Statutes that existed at the time of discharge from special probation . . . ."

On November 13, 2019, petitioner filed a petition to expunge the records relating to eighteen prior convictions that occurred between March 2000 and December 2013. Twelve of these convictions were for Title 2C offenses. In the

---

[1] Effective January 1, 2022, the New Jersey Drug Court Program was renamed the New Jersey Recovery Court Program to better reflect its primary goal.

A-0540-20

remaining six cases, the State initially charged petitioner with committing a Title 2C offense. However, the State later downgraded the Title 2C charge in each case to a municipal ordinance violation and petitioner pled guilty to the municipal ordinance violation.

On January 21, 2020, the Assistant Prosecutor (AP) sent a letter to the trial court objecting to petitioner's request to expunge the records relating to the municipal ordinance convictions. The letter, which was in the form of a checklist, cited N.J.S.A. 2C:35-14(m)(5) and stated, "Municipal Ordinances are not eligible for Expungement under the Drug Court Exception." The letter did not provide any additional information concerning the State's objection.

Petitioner's attorney responded by submitting a letter brief to the court. In the brief, the attorney argued that a conviction for a downgraded charge is related to an arrest for an offense enumerated in Title 2C as set forth in N.J.S.A. 2C:35-14(m)(5). Thus, the attorney asserted that because petitioner was initially arrested and charged with a Title 2C offense, all of the records relating to that arrest and charge, including any subsequent municipal convictions for a downgraded offense, were eligible for expungement.

A-0540-20

Petitioner thereafter filed an amended petition to address other concerns raised by the AP. The AP did not reply to petitioner's brief or to the amended petition.

On June 16, 2020, the trial court issued an order scheduling an August 14, 2020 hearing on the petition. The AP later sent petitioner's attorney a letter that was dated August 18, 2020. In part, the letter stated:

> The abovenamed individual has applied for an expungement. The hearing date was August 14, 2020. This matter was granted-in-part and denied-in-part pending [a] proper order being submitted to this office. We have enclosed a copy of a Denied-In-Part and Granted-In-Part Order Granting Expungement for wording and format. The order submitted was missing information.

The letter instructed the attorney to omit any reference in the amended order to petitioner's six municipal court convictions. The attorney complied with the AP's request and submitted the amended order.

The trial court signed the order on October 2, 2020. The order states that the petition was denied in part and granted in part "for the reasons stated on the record on August 14, 2020."

Other than the October 2, 2020 order, the trial court never communicated in any fashion with petitioner or his attorney concerning the petition or any decision it may have reached in this matter. The order did not identify what

portion of the petition was denied. Assuming this provision refers to the six municipal convictions, the court did not explain the basis for its ruling. When petitioner's attorney contacted the court to obtain a transcript of the August 14, 2020 hearing mentioned in the October 2, 2020 order, the clerk's office advised the attorney it was unable to locate any hearing on the record on the requested date. The trial court staff also had no record of an August 14, 2020 hearing.

Under these circumstances, we are unable to review this matter. The trial court stated it conducted a hearing, but it did not. The court did not make any findings of fact or conclusions of law as required by Rule 1:7-4(a). It did not address the parties' conflicting positions on whether municipal convictions that result from downgraded or dismissed Title 2C charges are eligible for expungement under N.J.S.A. 2C:35-14(m)(5). The court did not even engage with petitioner or his attorney and inexplicably appears to have relied upon the AP to apprise them of its decision. We trust the court will not use this unacceptable procedure in future expungement cases.

Therefore, we vacate the portion of the court's order denying petitioner's request to expunge the records related to his six municipal convictions. In so ruling, we recognize that ultimately the issue to be determined is likely to be one of statutory interpretation, normally a question we could address de novo

A-0540-20

had the court properly addressed the petition. See In re Verified Petition of the Retail Energy Supply Ass'n, ___ N.J. Super. ___, ___ (App. Div. 2021) (slip op. at 10). "However, our function as an appellate court is to review the decision of the [trial court], not to decide the legal issue tabula rasa." Ibid. (citing Zirger v. Gen. Accident Ins. Co., 144 N.J. 327, 330 (1996) (noting that "[o]rdinarily, our interest in preserving judicial resources dictates that we not attempt to resolve legal issues in the abstract.")).

Vacated and remanded to the trial court for further proceedings consistent with this opinion. The court shall complete these proceedings within sixty days of the date of this opinion.[2] We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] In their briefs, the parties address the question whether S. 241 (2020), a bill then pending in the New Jersey Legislature, might resolve their dispute because that bill would have amended N.J.S.A. 2C:35-14(m)(5) to specifically state that municipal convictions are eligible for expungement. However, the Legislature did not pass that bill before the expiration of the 2020-2021 legislative term. The Legislature did pass, and the Governor recently signed, a different bill touching upon Recovery Court expungements, but that act did not directly address municipal convictions. See L. 2021, c. 460.

A-0540-20